1 | **MUSICK, PEELER & GARRETT** LLP
ATTORNEYS AT LAW
One Wilshire Boulevard, Suite 2000
2 | Los Angeles, California 90017-3383
TELEPHONE 213-629-7612
FACSIMILE (213) 624-1376
3 |
Susan J. Field (State Bar No. 086200)
4 | s.field@mpglaw.com
Richard S. Conn (State Bar No. 065513)
5 | r.conn@mpglaw.com
Barbora Pulmanova (State Bar No. 234028)
6 | b.pulmanova@mpglaw.com

7 | Attorneys for NATIONAL INDEMNITY COMPANY

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10 |

11 | STEVE POIZNER, INSURANCE COMMISSIONER OF THE STATE

Case No.  08 CV 772 L (POR)

12 | OF CALIFORNIA, in his capacity as Liquidator of Frontier Pacific Insurance

Assigned to the Hon. M. James Lorenz Dept. J.

13 | Company,

**ANSWER OF NATIONAL**
**INDEMNITY COMPANY TO**
14 |          Plaintiff, | **PLAINTIFF'S COMPLAINT**
**FOR DECLARATORY RELIEF**

15 |     vs.

16 | NATIONAL INDEMNITY COMPANY, a Nebraska corporation;
17 | and DOES 1 through 10,

18 |          Defendant.

19 |

20 |         Defendant National Indemnity Company, a Nebraska corporation,

21 | ("NICO" or "Defendant") in answer to the Complaint of Plaintiff, Steve Poizner,

22 | Insurance Commissioner of the State of California, in his capacity as Liquidator of

23 | Frontier Pacific Insurance Company ("FPIC" or "Plaintiff"), admits, denies, and

24 | alleges, as follows:

25 |         1.      In answer to the allegations of Paragraph 1, Defendant admits

26 | that the Plaintiff's Compliant seeks declaratory relief for a determination that FPIC

27 | has a right to recover monies allegedly owed by NICO pursuant to an indemnity

28 | contract; admits that Plaintiff denies that its alleged claims are subject to any offset

585229.1

1  for monies that were previously owed to NICO by Frontier Insurance Company

2  ("Frontier"), FPIC's parent company; and denies that the sole ground for set off is as

3  alleged by Plaintiff, Plaintiff being independently obligated to pay the "Funds

4  Withheld Account" (also referred to herein as the "Centre Re Funds Held Balance")

5  to NICO under the Novation Agreement attached to the Complaint as Exhibit C.

6  Except as so admitted and alleged, NICO denies generally and specifically the

7  allegations of Paragraph 1.

8       2.    In answer to the allegations of Paragraph 2, NICO admits that

9  NICO and FPIC are parties to certain insurance contracts; admits that Frontier and

10  NICO entered into an amendment to one such reinsurance contract identified as

11  Endorsement No. 3; admits that, pursuant to Endorsement No. 3, NICO paid

12  Frontier $45 million and agreed not to enforce against Frontier its right to payment

13  of certain premiums due as of December 31, 2003 from Frontier and FPIC; denies

14  that Endorsement No. 3 constituted a compromise and release of any claims held by

15  NICO against FPIC; alleges that Endorsement No. 3 speaks for itself with respect to

16  its terms; admits that, by its terms, FPIC is not a party to Endorsement No. 3; and

17  denies that NICO bases its right of offset as against FPIC on Endorsement No. 3,

18  such right of offset being independently derived from the Novation Agreement,

19  attached to the Complaint as Exhibit C.  Except as so admitted and alleged, NICO

20  denies generally and specifically the allegations of Paragraph 2.

21       3.    In answer to the allegations of Paragraph 3, NICO admits that, at

22  times relevant to the Complaint, FPIC was a corporation existing under the laws of

23  the State of California and was licensed to transact the business of insurance in the

24  State of California; except as so admitted, NICO denies generally and specifically

25  the allegations of Paragraph 3.

26       4.    In answer to the allegations of Paragraph 4, NICO admits that, at

27  all times pertinent to the Complaint, FPIC was a wholly owned subsidiary of

28  Frontier, which was licensed to transact insurance in the State of New York and is

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

585229.1                                2

1 | currently under an Order of Rehabilitation in the proceeding entitled In the Matter of

2 | The Rehabilitation of Frontier Insurance Company, Supreme Court of the State of

3 | New York, County of Sullivan, Index No. 1357/03 ("Rehabilitation Court").

4 |      5.     In answer to the allegations of Paragraph 5, NICO admits that,

5 | on November 30, 2001, Plaintiff Insurance Commissioner of the State of California

6 | was appointed the Liquidator of FPIC by the Superior Court for the County of

7 | San Diego for the State of California in the proceeding entitled Insurance

8 | Commissioner v. Frontier Pacific Insurance Company, Case No. GIC7740288.

9 |      6.     In answer to the allegations of Paragraph 6, Defendant NICO

10 | admits that, at all times pertinent herein, it is and was a corporation with its principal

11 | place of business in Nebraska, and authorized to engage in and did engage in

12 | various classes of insurance business in the State of California.

13 |      7.     In answer to the allegations of Paragraph 7, NICO alleges that it

14 | lacks information or belief sufficient to form a belief as to the truth of said

15 | allegations and based thereon denies each and every said allegation.

16 |      8.     In answer to the allegations of Paragraph 8, NICO admits that,

17 | prior to the removal of this action from the Superior Court for the County of

18 | San Diego, State of California, to the Untied States District Court for the Southern

19 | District of California, the foresaid state court had, pursuant to Insurance Code

20 | Section 1058, jurisdiction to determine the claims asserted in the Complaint, since

21 | such claims affected the interest of FPIC and of the Liquidator.  Except as so

22 | admitted, NICO denies generally and specifically each and every said allegation.

23 |      9.     In answer to the allegations of Paragraph 9, NICO admits that,

24 | on May 3, 1995 FPIC and Frontier entered into a Reinsurance Agreement with

25 | Centre Re Insurance Company of New York ("Centre Re"), entitled Co-insured

26 | Aggregate Excess Loss Reinsurance Agreement effective January 1, 1995 ("Centre

27 | Re Agreement"); alleges that such agreement, as attached to the Complaint as

28 | Exhibit A, speaks for itself as to its terms; and admits that a true and genuine copy

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

585229.1           3
ANSWER OF NATIONAL INDEMNITY COMPANY TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY RELIEF

1  of the Centre Re Agreement is attached to the Complaint as Exhibit A.  Except as so

2  alleged and admitted, NICO denies generally and specifically the allegations of

3  Paragraph 9.

4         10.    In answer to the allegations of Paragraph 10, NICO alleges that

5  the Centre Re Agreement speaks for itself with respect to its terms.  Except as so

6  alleged, NICO denies generally and specifically each and every allegation in

7  Paragraph 10.

8         11.    In answer to the allegations of Paragraph 11, NICO states that it

9  lacks information or belief sufficient to form a belief as to the truth of the

10  allegations of Paragraph 11, and based thereon denies each and every said

11  allegation.

12         12.    In answer to the allegations of Paragraph 12, NICO admits that,

13  on July 15, 1998, Frontier, its subsidiaries, FPIC and United Capitol Insurance

14  Company ("United"), and its affiliate, Western Indemnity Insurance Company

15  ("Western") entered into a Reinsurance Agreement with Zurich Re entitled

16  Aggregate Excess Loss Reinsurance Agreement ("Zurich Re Agreement") (together

17  with Centre Re Agreement, the "Reinsurance Agreements"); alleges that the Zurich

18  Re Agreement, attached to the Complaint as Exhibit B, speaks for itself with respect

19  to its terms; admits that a true and genuine copy of the Zurich Re Agreement is

20  attached to the Complaint as Exhibit B; and except as so admitted and alleged,

21  denies generally and specifically the allegations of Paragraph 12.

22         13.    In answer to the allegations of Paragraph 13, NICO alleges that

23  the Zurich Re Agreement speaks for itself with respect to its terms.  Except as so

24  alleged, NICO denies generally and specifically the allegations of Paragraph 13.

25         14.    In answer to the allegations of Paragraph 14, NICO admits that,

26  on December 21, 2000, FPIC, Frontier, United and Western entered into a Novation

27  Agreement with Zurich Re and NICO with an effective date of July 1, 2000; and

28  admits that a true and genuine copy of the Novation Agreement is attached to the

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

585229.1                                           4
ANSWER OF NATIONAL INDEMNITY COMPANY TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY RELIEF

1   Complaint as Exhibit C.

2           15.    In answer to the allegations of Paragraph 15, NICO alleges that

3   the Novation Agreement speaks for itself with respect to its terms.  Except as so

4   alleged, NICO denies generally and specifically the allegations of Paragraph 15.

5           16.    In answer to the allegations of Paragraph 16, NICO admits that,

6   in partial consideration for the Novation Agreement, NICO received $68,200,000

7   from Zurich Re.  Except as so admitted, NICO denies generally and specifically the

8   allegations of Paragraph 16.

9           17.    In answer to the allegations of Paragraph 17, NICO admits that,

10  on September 27, 2000, Frontier entered into an Aggregate Reinsurance Agreement

11  with NICO with an effective date of July 1, 2000 (the "NICO Agreement").  NICO

12  alleges that the NICO Agreement, a true and genuine copy which is attached to the

13  Complaint as Exhibit D, speaks for itself with respect to its terms.  Except as so

14  admitted and alleged, NICO denies generally and specifically each and every

15  allegation of Paragraph 17.

16          18.    In answer to the allegations of Paragraph 18, NICO admits that,

17  on January 5, 2001, Frontier, FPIC and NICO entered into an agreement amending

18  the NICO Agreement, identified as Endorsement No. 1.  NICO alleges that

19  Endorsement No. 1 speaks for itself with respect to its terms, and admits that a true

20  and genuine copy of Endorsement No. 1 is attached to the Complaint as Exhibit E.

21  Except as so admitted and alleged, NICO denies generally and specifically each and

22  every allegation of Paragraph 18.

23          19.    In answer to the allegations of Paragraph 19, NICO admits that,

24  in partial consideration for including FPIC as an additional named insured under the

25  NICO Agreement, pursuant to Paragraph 3 of Endorsement No. 1, Frontier and/or

26  FPIC paid NICO a premium of $21 million.  Except as so admitted, NICO denies

27  each and every other allegation contained in said paragraph.

28          20.    In answer to the allegations of Paragraph 20, NICO admits that,

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

ANSWER OF NATIONAL INDEMNITY COMPANY TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY RELIEF

1  on August 27, 2001, Frontier was taken into Temporary Rehabilitation by the
2  Superintendent of Insurance of the State of New York, and on October 15, 2001 an
3  Order of Rehabilitation was entered by the Supreme Court of the State of
4  New York, appointing the Superintendent of Insurance of the State of New York as
5  Rehabilitator, and further admits that a true and genuine copy of the Order of
6  Rehabilitation is attached to the Complaint as Exhibit F.

7        21.    In answer to the allegations of Paragraph 21, NICO alleges that,
8  at the time that the Order of Rehabilitation was entered, Frontier, FPIC, United and
9  Western jointly and severally owed the Funds Withheld Account in the amount of
10  approximately $80,000,000 to NICO as premium under the Novation Agreement.
11  Except as so admitted and alleged, NICO denies generally and specifically the
12  allegations of Paragraph 21.

13        22.    In answer to the allegations of Paragraph 22, NICO admits that,
14  on or about December 21, 2001 Frontier and NICO entered into Endorsement No. 2,
15  a true and genuine copy which is attached to the Complaint as Exhibit G.  NICO
16  alleges that Endorsement No. 2 speaks for itself with respect to its terms. Except as
17  so admitted and alleged, NICO denies generally and specifically each and every
18  allegation set forth in Paragraph 22.

19        23.    In answer to the allegations of Paragraph 23, NICO admits that,
20  by the express terms of Endorsement No. 2, FPIC is not a party thereto.  Except as
21  so admitted, NICO denies generally and specifically each and every allegation set
22  forth in Paragraph 23.

23        24.    In answer to the allegations of Paragraph 24, NICO admits that,
24  pursuant to Endorsement No. 2, NICO made certain payments to Frontier for which
25  Frontier was obligated to reimburse NICO.  Except as so admitted, NICO denies
26  generally and specifically each and every allegation set forth in Paragraph 24.

27        25.    In answer to the allegations of Paragraph 25, NICO admits that
28  Frontier and NICO entered into an Endorsement No. 3 to the NICO Agreement with

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

585229.1

6

**ANSWER OF NATIONAL INDEMNITY COMPANY TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY RELIEF**

1  an effective date of January 1, 2004, and further admits that a true and genuine copy

2  of Endorsement No. 3 is attached to the Complaint as Exhibit H.

3      26.   In answer to the allegations of Paragraph 26, NICO alleges that

4  Endorsement No. 3 speaks for itself with respect to its terms; alleges that FPIC was

5  not a third-party beneficiary of Endorsement No. 3 or otherwise released by its

6  terms; and, except as so alleged, denies generally and specifically each and every

7  allegation set forth in Paragraph 26.

8      27.   In answer to the allegations of Paragraph 27, NICO admits that

9  the unpaid Centre Re Funds Held balance owed by Frontier, FPIC and United to

10  NICO at the time Endorsement No. 3 was executed was approximately $40 million;

11  alleges that FPIC was jointly and severely liable for payment of the Centre Re Funds

12  Held balance pursuant of the terms of the Novation Agreement; and except as so

13  alleged and admitted, denies generally and specifically each and every allegation of

14  Paragraph 27.

15      28.   In answer to the allegations of Paragraph 28, NICO denies that,

16  pursuant to Endorsement No. 3, NICO compromised and released NICO's claim

17  against FPIC to fund the premium deficiency in the Centre Re Funds Held as of

18  December 31, 2003; alleges that Endorsement No. 3 was jointly negotiated by NICO

19  and Frontier; alleges that Endorsement No. 3 speaks for itself with respect to its

20  terms; and, except as so admitted and alleged, denies generally and specifically each

21  and every allegation set forth in Paragraph 28.

22      29.   In answer to the allegations of Paragraph 29, NICO denies that

23  the quoted language discharged or relieved FPIC from its obligations to fund

24  premium amounts owed under the Reinsurance Agreements and Novation

25  Agreement; admits that Paragraph 9 of Endorsement No. 3 is as quoted; and, except

26  as so alleged and admitted, denies generally and specifically each and every other

27  allegation of Paragraph 29.

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

585229.1

7

ANSWER OF NATIONAL INDEMNITY COMPANY TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY RELIEF

30. In answer to the allegations of Paragraph 30, NICO admits that, by its terms, FPIC is not a party to Endorsement No. 3. Except as so admitted, NICO denies generally and specifically each and every allegation of Paragraph 30.

31. In answer to the allegations of Paragraph 31, NICO admits that, on or about July 7, 2004, Frontier submitted its Petition seeking the Rehabilitation Court's approval of Endorsement No. 3 and that a true and correct copy of said Petition is attached to the complaint as Exhibit I.

32. In answer to the allegations of Paragraph 32, NICO alleges that it lacks information or belief sufficient to admit or deny the truth of said allegations, and on said grounds denies each and every said allegation.

33. In answer to the allegations of Paragraph 33, NICO alleges that it lacks information or belief sufficient to admit or deny the truth of said allegations, and on this ground denies each and every said allegation.

34. In answer to the allegations of Paragraph 34, NICO admits that a true and genuine copy of Neal Conolly's Affirmation in Support of Rehabilator's Motion to Renew and Reargue is attached to the Complaint as Exhibit K and alleges that said pleadings speaks for itself with respect to its terms; except as so alleged, NICO lacks information sufficient to admit or deny the truth of the allegations of Paragraph 34, and on this ground denies said allegations.

35. In answer to the allegations of Paragraph 35, NICO admits that it filed no objections to the Affidavit of Ron Labenski or Neal Conolly's Affirmation in Support of Rehabilator's Motion to Renew and Reargue.

36. In answer to the allegations of Paragraph 36, NICO admits that Endorsement No. 3 was approved by the Rehabilitation Court on July 28, 2005 and admits that a true and genuine copy of the Rehabilitation Court's Order approving Endorsement No. 3 is attached to the Complaint as Exhibit L.

37. In answer to the allegations of Paragraph 37, NICO denies that Endorsement No. 3 has been fully performed by NICO and Frontier and further

1  denies that FPIC's obligations under the Reinsurance Agreements and the Novation
2  Agreement for payment of premium has been fully discharged or satisfied.

3        38.    In answer to the allegations of Paragraph 38, NICO admits said
4  allegations.

5        39.    In answer to the allegations of Paragraph 39, NICO alleges that it
6  lacks information or beliefs sufficient to admit or deny the truth of said allegations,
7  and on said ground denies said allegations.

8        40.    In answer to the allegations of Paragraph 40, NICO admits that,
9  at times from 2002 through 2005 representatives of the Liquidator, Frontier and
10 NICO met regarding updating of the FPIC loss data and reconciling reinsurance
11 cessions; except as so admitted, NICO denies generally and specifically the
12 allegations of Paragraph 40.

13       41.    In answer to the allegations of Paragraph 41, NICO admits that,
14 in early 2005, it was agreed by NICO, Frontier and the Liquidator that the
15 Liquidator would await a ruling on Frontier's Motion for Approval of Endorsement
16 No. 3 before submitting a reconciled billing for losses ceded to NICO.

17       42.    In answer to the allegations of Paragraph 42, NICO admits that,
18 on or about September 20, 2005 Frontier sent NICO and the Liquidator FPIC's bill
19 in the principal amount of $4,800,083.90, a true and genuine copy of which is
20 attached to the Complaint as Exhibit M without supporting spreadsheets; NICO
21 alleges that it lacks information or beliefs sufficient to admit or deny the truth of the
22 remaining allegations of Paragraph 42, and based thereon denies generally and
23 specifically each and every said allegation.

24       43.    In answer to the allegations of Paragraph 43, NICO admits
25 receiving billings as reflected in Exhibit M to the Complaint and admits approval of
26 Endorsement No. 3 by the Rehabilitation Court; admits that it refuses to pay any
27 amount on billings from FPIC, because FPIC is still obligated to NICO for payment
28 of the Funds Withheld Account as premium under the Novation Agreement; alleges

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

585229.1

1  that said indebtedness has not been released or discharged pursuant to Endorsement

2  No. 3; and except as so admitted and alleged, denies generally and specifically each

3  and every allegation set forth in Paragraph 43.

4       44.     In answer to the allegations of Paragraph 44, NICO denies that it

5  has advanced contentions as described; denies that it has compromised and released

6  FPIC from any liability for premiums under the Novation Agreement; alleges that

7  NICO has offsets based on premium owed under the Novation Agreement (the

8  Centre Re Fund Held Balance due at December 31, 2003); and except as so admitted

9  and alleged, denies generally and specifically the allegations of Paragraph 44.

10       45.     In answer to the allegations of Paragraph 45, NICO incorporates

11 by reference its answer to Paragraphs 1 through 43.

12       46.     In answer to the allegations of Paragraph 46, NICO admits that

13 an actual controversy has arisen and now exists between the Liquidator and NICO

14 concerning their respective rights and duties; admits that the Liquidator contends

15 that FPIC is not a party to Endorsement No. 3 and is not bound by any obligations

16 created by Endorsement No. 3; denies that NICO contends that Endorsement No. 3

17 is controlling for purposes of determining the rights of NICO against FPIC; and

18 alleges that the rights of set off asserted by NICO arise under the Novation

19 Agreement, pursuant to which, as a Reinsured, FPIC is jointly and severely liable

20 with Frontier to "pay [NICO] the Funds Withheld Account for all Accident Years in

21 respect of the Reinsurance Agreement effective January 1, 1995." Except as so

22 admitted and alleged, NICO denies generally and specifically each and every said

23 allegation.

24       47.     In answer to the allegations of Paragraph 47, NICO admits that

25 Plaintiff seeks a judicial determination and declaration that he is not bound by

26 obligations that Frontier and NICO allegedly attempt to impose upon FPIC pursuant

27 to Endorsement No. 3; however, NICO alleges that the obligations it seeks to

28 impose arise under the Novation Agreement, rather than Endorsement No. 3.

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

585229.1

10

ANSWER OF NATIONAL INDEMNITY COMPANY TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY RELIEF

1    48.    In answer to the allegations of Paragraph 48, NICO incorporates

2  by reference its answers to Paragraphs 1 through 46.

3    49.    In answer to the allegations of Paragraph 49, NICO admits that

4  an actual controversy has arisen and now exists between the Liquidator and NICO

5  concerning their respective rights and duties under the NICO Agreement; admit that

6  the Liquidator contends that Endorsement No. 3 discharges all obligations for any

7  deficiencies in premiums due from FPIC to NICO through December 31, 2003

8  under the Novation Agreement; deny that any claims of NICO against FPIC for

9  premium deficiencies owed as of December 31, 2003 were compromised and

10  released pursuant to Endorsement No. 3 or otherwise; alleges that Frontier has

11  consented to assertion of offsets against FPIC based on premium deficiencies owed

12  as of December 31, 2003 by FPIC under the Novation Agreement; and further

13  alleges that by virtue of said premium deficiencies, NICO is entitled to offset the

14  Centre Re Funds Held Balance against amounts that otherwise might be claimed

15  owing by FPIC.  Except as so admitted and alleged, NICO denies generally and

16  specifically the allegations of Paragraph 49.

17    50.    In answer to the allegations of Paragraph 50, NICO alleges that it

18  lacks information or belief sufficient to admit or deny the truth of the allegations as

19  to the contentions of Plaintiff, and based thereon denies said allegations; NICO

20  further denies that Endorsement No. 3 has effected any accord and satisfaction of

21  any obligation owed by FPIC; alleges that approximately $40 million in premium

22  obligations remain due, owing and unpaid by FPIC to NICO under the Novation

23  Agreement; and, except as so admitted and alleged, deny generally and specifically

24  the allegations of Paragraph 50.

25    51.    In answer to the allegations of Paragraph 51, NICO incorporates

26  by reference its answers to Paragraphs 1 through 49.

27    52.    In answer to the allegations of Paragraph 52, NICO admits that

28  an actual controversy has arisen and now exist between the Commissioner and

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

585229.1                                                11

ANSWER OF NATIONAL INDEMNITY COMPANY TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY RELIEF

1  NICO concerning their respective rights and duties; admits that NICO asserts the

2  right to setoff monies that it owes to FPIC against monies due to NICO under the

3  Novation Agreement from FPIC; denies that FPIC has been discharged of any

4  obligations by Endorsement No. 3; and denies that any setoff asserted by NICO

5  violates Insurance Code Section 1031.  Except as so admitted and alleged, NICO

6  denies generally and specifically each and every allegation of Paragraph 52.

7        53.    In answer to the allegations of Paragraph 53, NICO lacks

8  information or beliefs sufficient to admit or deny the truth of said allegations, and

9  based hereon denies said allegations.

10  <div align="center">FIRST AFFIRMATIVE DEFENSE</div>

11  <div align="center">(Compulsory Arbitration)</div>

12        54.    Pursuant to the provisions for binding arbitration incorporated in

13  the Reinsurance Agreements and the NICO Agreement, Plaintiff is obligated to

14  submit the pending controversy to arbitration, as provided in said agreements.

15  <div align="center">SECOND AFFIRMATIVE DEFENSE</div>

16  <div align="center">(Failure to Join Indispensable Party)</div>

17        55.    Plaintiff has failed to join an indispensable party, to wit Frontier

18  Insurance Company and/or its legal representative, which joinder is necessary

19  insofar as the party claims an interest in or relating to the subject of the action and is

20  so situated that the disposition of the action in the person's absence may, as a

21  practical matter, impair or impede the person's ability to protect that interest.

22  <div align="center">THIRD AFFIRMATIVE DEFENSE</div>

23  <div align="center">(Reformation)</div>

24        56.    NICO denies and contests that Endorsement No. 3 by its terms

25  effects a release of FPIC or a satisfaction of any obligations owed by FPIC pursuant

26  to the Reinsurance Agreements or the Novation Agreement.  However, if and to the

27  extent Endorsement No. 3 is susceptible to such construction, said agreement should

28  be reformed to reflect to true intent of the parties, to wit, that FPIC shall remain

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

585229.1

12

ANSWER OF NATIONAL INDEMNITY COMPANY TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY RELIEF

1  liable for the Withheld Fund Balance Due under the Reinsurance Agreements and

2  the Novation Agreement.

3  <center>FOURTH AFFIRMATIVE DEFENSE</center>

4  <center>(Estoppel)</center>

5       57.   Endorsement No. 3 on its face reflects an intention that,

6  notwithstanding the agreement of NICO to forego collection of the Withheld Funds

7  Balance Due from Frontier, FPIC would continue subject to liability for said

8  amount, which liability, subject to the consent of Frontier, might be enforced against

9  FPIC. FPIC's failure to object to Endorsement No 3 while approval of the

10  endorsement was pending before the Rehabilitation Court estops FPIC from now

11  contending that it has been released or discharged.

12  <center>FIFTH AFFIRMATIVE DEFENSE</center>

13  <center>(Waiver)</center>

14       58.   By failing to object to Endorsement No. 3 when it was pending

15  approval by the New York Rehabilitation Court, FPIC waived its right to assert that

16  it had been released or that its obligations have been satisfied.

17  <center>SIXTH AFFIRMATIVE DEFENSE</center>

18  <center>(Lack of Consideration)</center>

19       59.   FPIC has provided no consideration for its alleged release or for

20  alleged satisfaction of its indebtedness.

21  <center>SEVENTH AFFIRMATIVE DEFENSE</center>

22  <center>(Statute of Frauds)</center>

23       60.   The liability of FPIC under the Novation Agreement may not be

24  altered except by means of a writing executed on behalf of NICO.

25  ///

26  ///

27  ///

28  ///

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

585229.1

13

ANSWER OF NATIONAL INDEMNITY COMPANY TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY RELIEF

1    PRAYER

2        Wherefore, NICO prays that the declaration of rights and duties sought

3    by Plaintiff be denied by the Court, that NICO's rights and FPIC's duties as asserted

4    herein be affirmed and declared; for costs of suit; and for such other and further

5    relief as the Court may deem just.

6

7    DATED:  May ___, 2008        MUSICK, PEELER & GARRETT LLP

8

9                                   By: _____

10                                      Richard S. Conn
                                        Attorneys for NATIONAL INDEMNITY
                                        COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

585229.1                                    14
                    ANSWER OF NATIONAL INDEMNITY COMPANY TO PLAINTIFF'S
                          COMPLAINT FOR DECLARATORY RELIEF

**PROOF OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within entitled action; my business address is One Wilshire Boulevard, Suite 2000, Los Angeles, California 90017-3383.

On May 5, 2008, I served the foregoing document(s) described as **ANSWER OF NATIONAL INDEMNITY COMPANY TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

      **See Attached List**

☒    **BY MAIL.**  I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Los Angeles, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    **BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.**  Based upon the Court's order for mandatory e-filing, I provided the documents listed above electronically to the Court's website and thereon to those parties on the Service List maintained by that website by submitting an electronic version of the documents to the Court's website.  The documents are deemed filed and served on the date that they were uploaded to the Court's website.

☐    **BY FACSIMILE TRANSMISSION.**  I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein.  The facsimile machine used complies with Rule 2003 and no error was reported by the machine.  Pursuant to Rule 2008(e), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

Executed on May 5, 2008, at Los Angeles, California.

☐    **(State)**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    **(Federal)**    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Kathleen Slevcove

584492.1

1

## SERVICE LIST

2  EDMUND G. BROWN, JR.                  Attorneys for Plaintiff Steve Poizner,
     Attorney General of the State of      Insurance Commissioner of the State of
3  California                             California in his capacity as Liquidator
   W. DEAN FREEMAN                        of Frontier Pacific Insurance Company
4    Supervising Deputy Attorney General
   DIANE SPENCER SHAW
5  LISA W. CHAO
     Deputy Attorneys General
6  300 South Spring Street, Suite 1702
   Los Angeles, California 90013
7
   Telephone:  (213) 897-2486
8  Fax:  (213) 897-5775

9  LAZLO KOMJATHY, JR.                    Attorneys for Plaintiff Steve Poizner,
   Department of Insurance                Insurance Commissioner of the State of
10 45 Fremont Street, 24th Floor     California in his capacity as Liquidator
   San Francisco, California 94105        of Frontier Pacific Insurance Company
11
   Telephone:  (415) 538-4413
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

584492.1                                          2