MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW
One Wilshire Boulevard, Suite 2000
Los Angeles, California 90017-3383
TELEPHONE 213-629-7612
FACSIMILE (213) 624-1376

Susan J. Field (State Bar No. 086200)
s.field@mpglaw.com
Richard S. Conn (State Bar No. 065513)
r.conn@mpglaw.com
Barbora Pulmanova (State Bar No. 234028)
b.pulmanova@mpglaw.com

Attorneys for NATIONAL INDEMNITY COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE POIZNER, INSURANCE COMMISSIONER OF THE STATE OF CALIFORNIA, in his capacity as Liquidator of Frontier Pacific Insurance Company, | Case No.  08 CV 772 L (POR) |
| | Assigned to the Hon. M. James Lorenz Courtroom 14 |
| Plaintiff, | Complaint Filed:  March 17, 2008 |
| vs. | **MEMORANDUM OF DEFENDANT NATIONAL INDEMNITY CO. IN AID OF EARLY NEUTRAL EVALUATION CONFERENCE** |
| NATIONAL INDEMNITY COMPANY, a Nebraska corporation; and DOES 1 through 10, | |
| Defendant. | **DATE:**      **June 30, 2008**<br>**TIME:**      **10:30 a.m.**<br>**COURTROOM:**    **H**<br>           **Chambers of the Honorable Louisa S. Porter** |

Defendant National Indemnity Company ("NICO") submits the following Memorandum in Aid of Early Neutral Evaluation Conference:

## I.    STATEMENT OF MATTERS IN CONTROVERSY

This action has been brought by Steve Poizner, Insurance Commissioner of the State of California ("Plaintiff" or "Commissioner"), in his capacity as Liquidator of Frontier Pacific Insurance Company ("FPIC").

1  (Complaint, p. 1)  Plaintiff seeks "a determination that [FPIC's] right to recover

2  monies owed by National Indemnity Company ("NICO") pursuant to an indemnity

3  contract is not subject to any claim of offset for monies that were presently owed to

4  NICO from Frontier Insurance Company ("Frontier"), FPIC's parent company."

5  (Complaint, p. 2, ¶ 1)  Frontier and FPIC are subject to state court supervised

6  insolvency proceedings in New York and California, respectively.  (Complaint, p. 2,

7  ¶¶ 4-5)

8            Plaintiff initially sued NICO in San Diego Superior Court.  NICO

9  caused the superior court action to be removed to this court on grounds of diversity

10  - - Plaintiff being a citizen of California and NICO having its principal place of

11  business and state of incorporation in Nebraska.  (Complaint, pp. 2-3, ¶ 6)

12            The indebtedness of Frontier which NICO allegedly seeks to offset

13  arose under a reinsurance agreement effective January 1, 1995, which is attached to

14  the Complaint as Exhibit "A".  (Complaint, p. 3, ¶ 9)  The Complaint refers to this

15  agreement as the Center Re Agreement, because Center Reinsurance Company of

16  New York ("Center Re") was initially obligated as reinsurer thereunder.  NICO

17  became the ultimate Reinsurer under the Center Re Agreement by virtue of a

18  Novation Agreement (Complaint, Ex. C) effective July 1, 2000.  Both Frontier and

19  FPIC were parties to the Novation Agreement.  (Complaint, p. 4, ¶ 14)  Under the

20  Center Re Agreement, the Reinsured party was entitled to retain 92% of collected

21  premium in order to defray losses (the "Center Re Funds Held").  Unexpended

22  premium (the "Funds Withheld") was ultimately required to be remitted to the

23  Reinsurer.

24            Plaintiff alleges that as of October 15, 2001, when the Supreme Court

25  of the State of New York issued an Order of Rehabilitation respecting Frontier,

26  "Frontier owed approximately $40 million in premiums to NICO under the

27  Novation Agreement to fund the Center Re Funds Held deficiency due at December

28  31, 2003."  Review of the Center Re Agreement, Exhibit A, discloses that FPIC was

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

593604.1                                                                 2
MEMORANDUM OF DEFENDANT NATIONAL INDEMNITY CO. IN AID OF EARLY NEUTRAL
EVALUATION CONFERENCE

1  jointly and severally liable for the same indebtedness:  page one of Exhibit A

2  defines Frontier and FPIC collectively as "the Company" and, pursuant to Article

3  XIG, "[t]he Company promises to pay the Funds Withheld Balance" on the earlier

4  of various stated contingencies.  (Complaint, Ex. A, p. 7)

5            Notably, the Center Re Agreement contains the following provision for

6  comprehensive, binding arbitration:  "<u>Any dispute arising out of the interpretation,</u>

7  <u>performance or breach of this Agreement … shall be submitted for decision to a</u>

8  <u>panel of three arbitrators.  ***  The panel shall render its decision within sixty (60)</u>

9  <u>days following the termination of hearings, which decision shall be in writing,</u>

10 <u>stating the reasons thereof.  Judgment upon the award may be entered in any court</u>

11 <u>having jurisdiction thereof.</u>"  (Complaint, Ex. A, pp. 17-18, Art. XXVII)  The

12 Center Re Agreement likewise provides for the arbitration to proceed in New York

13 City, pursuant to the laws of the State of New York.  (op. cit.)

14           NICO served as reinsurer for Frontier and FPIC under other agreements

15 as well.  (Complaint, ¶¶ 17)  Among these was an agreement with Frontier effective

16 July 1, 2000, (the "NICO Agreement") to which FPIC was added as a reinsured

17 effective October 1, 2000.  (Complaint, Exs. D and E)

18           Subsequent to initiation of Frontier's insolvency proceedings, NICO

19 and Frontier entered into Endorsement No. 3 to the NICO Agreement.  (FPIC was

20 not a party to Endorsement No. 3.)  Under Endorsement No. 3, NICO forgave and

21 released Frontier of indebtedness in the amount of $140,000,000.  NICO agreed "not

22 to collect [the Center Re Funds Held balance at December 31, 2003] <u>from</u> Frontier

23 (emph. supp.) as part of the $140,000,000 NICO balance forgiveness …"

24 (Complaint, Ex. H, p. 3, ¶¶ 8-9)  While, pursuant to Endorsement No. 3, NICO

25 clearly thus foregoes recourse against Frontier for recovery of the Center Re Funds

26 Held balance, Endorsement No. 3 makes equally clear that NICO is not releasing

27 other obligors - - such as FPIC:  "The Reinsurer agrees that it may only collect the

28 remaining funds held balance from the other participants to the Center Re

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

593604.1                                    3
MEMORANDUM OF DEFENDANT NATIONAL INDEMNITY CO. IN AID OF EARLY NEUTRAL
EVALUATION CONFERENCE

1  Reinsurance Agreements and Novation," subject to a veto right by Frontier.[1]

2  (Complaint, Ex. H, p. 3, ¶ 9)

3          The Complaint alleges that "Endorsement No. 3 has been fully

4  performed by NICO and Frontier and Frontier and FPIC's obligations under the

5  Reinsurance Agreements for payment of premium has been fully discharged and

6  satisfied." (Complaint, p. 8, ¶ 37)  Based on this contention, FPIC alleges NICO

7  currently holds no setoff rights (e.g. that NICO is owed no Withheld Funds) and that

8  NICO owes FPIC $4,883,090 under the NICO Agreement.  (Complaint, p. 9, ¶ 42;

9  Ex. M)

10         Notably the NICO Agreement, to which FPIC is a party, contains the

11  following provision for binding arbitration:  <u>"All matters in difference between the</u>

12  <u>Reinsured and the Reinsurer … in relation to this reinsurance, including its</u>

13  <u>formation and validity, and whether arising during or after the period of this</u>

14  <u>reinsurance, shall be referred to an Arbitration Tribunal … *** The award of the</u>

15  <u>Arbitration Tribunal shall be in writing and binding on the parties who covenant to</u>

16  <u>carry out the same."</u>  (Complaint, Ex. D, p. 9, Art. 18)  As with the Center Re

17  Agreement, the NICO Agreement provides that the Arbitration will proceed in New

18  York City, in accordance with the laws of the State of New York.

19         The Complaint alleges a right to declaratory relief as to three issues:

20  that FPIC is not bound by Endorsement No. 3, as purportedly contended by NICO

21  (Complaint, First Cause of Action, pp. 9-10); that Endorsement No. 3 constituted an

22  accord and satisfaction as to the obligation of FPIC to pay the Center Re Funds Held

23  balance (Complaint, Second Cause of Action, p. 10); and for a determination that

24  NICO is barred by California Insurance Code section 1031 from setting off monies

25

26  [1]  Frontier had an interest in whether the Center Re Funds Held balance was
    collected from other participants.  To the extent the Center Re Funds Held balance
27  was applied against claims of FPIC, this would preserve limits available to Frontier
    under the NICO Agreement.
28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

593604.1                                    4
MEMORANDUM OF DEFENDANT NATIONAL INDEMNITY CO. IN AID OF EARLY NEUTRAL
EVALUATION CONFERENCE

1  it owes FPIC against monies due NICO from Frontier and otherwise discharged by

2  Endorsement No. 3.  (Complaint, Third Cause of Action, pp. 10-11)  The Complaint

3  thus asks the Court to determine the legal effect of Endorsement No. 3 on the Center

4  Re Agreement, as well as the validity of an affirmative defense raised by FPIC to

5  claims of NICO under the Center Re Agreement:  accord and satisfaction. *See Mass*

6  *v. Melymont*, 1 Misc. 3d 906A, 2003 WL 23138786 (N.Y. Dist. Ct. 2003) ("In the

7  case at bar, accord and satisfaction as an affirmative defense can be raised by

8  defendant and employed successfully to preclude recovery providing that it is

9  properly raised."). The Complaint in turn asks the Court to rule on an affirmative

10  defense asserted by NICO to claims of FPIC under the NICO Agreement - - the

11  affirmative defense of set off. *See Kivort Steel Inc. v. Liberty Leather Corp.*, 110

12  A.D.2d 950, 952, 487 N.Y.S.2d 877 (1985).

13      The Complaint further implicitly asks the Court to indulge the

14  assumption that FPIC is not now and never has been liable as a joint obligor with

15  Frontier for payment of the Center Re Funds Held balance – a proposition belied by

16  the very face of the Center Re Agreement.

17      NICO 's Answer to Complaint discloses differences both over the

18  nature of matters in controversy and the substantive rights of the parties.  For

19  example, NICO denies that Frontier has fully satisfied the Center Re Funds Held

20  obligation by virtue of Endorsement No. 3.  (Answer to Complaint, ¶ 37)  NICO

21  denies that its claim of set off arises under Endorsement No. 3 (Answer, p. 10, ¶ 46),

22  or by virtue of the indebtedness of Frontier, maintaining that it is entitled to assert

23  setoff by virtue of the joint and several liability of FPIC as part of the collective

24  "Company" under the Center Re Agreement.  Similarly, NICO denies that

25  Endorsement No. 3 has the legal effect of an accord and satisfaction as to FPIC.

26  (Answer to Complaint p. 11, ¶ 50)  To the extent that Endorsement No. 3 is

27  susceptible to such a construction, NICO maintains that it is subject to reformation.

28  (Answer to Complaint p. 12, ¶ 56)  NICO further maintains that Frontier is an

1  indispensable party to any dispute resolution process addressing rights under the

2  Center Re Agreement and NICO Agreement.  (Answer to Complaint p. 12, ¶ 55)

3           Remarkably, although both of the agreements which give rise to the

4  current controversy provide for binding arbitration, the Plaintiff has refused NICO's

5  demand to submit the instant controversy to binding arbitration.  This has

6  necessitated NICO's filing of a motion to stay this litigation pending arbitration

7  proceedings mandated by the Federal Arbitration Act.  A copy of this motion,

8  without exhibits, is attached as Exhibit "A".

9  **II.    POSITION OF NICO RE DISCOVERY**

10          NICO submits that, in light of the mandatory arbitration provisions in

11  each reinsurance contract and the strong presumption in favor of arbitration under

12  the Federal Arbitration Act, there is a high probability that this action will be stayed

13  pending conduct of an arbitration in New York City, New York.  Accordingly,

14  decisions concerning the scheduling of discovery should be deferred pending the

15  Court's ruling on the Motion To Stay Prosecution of Action Pending Arbitration of

16  Claims, to be set for hearing on August 18, 2008.

17  **III.   POSITION OF NICO REGARDING MERITS OF UNDERLYING**

18  **CONTROVERSY**

19          NICO believes that the Complaint is predicated on certain fundamental

20  misunderstandings concerning its legal contentions, applicable law, and undisputed

21  facts.  For example, the Commissioner maintains by way of the Complaint that

22  NICO seeks to hold FPIC liable for the Funds Held Balance based on Endorsement

23  No. 3 to the NICO Agreement.  Nothing could be further from the truth.  The

24  liability of FPIC for the Funds Held Balance is evident on the face of the Center Re

25  Agreement, in which both Frontier and FPIC are collectively, referred to as "the

26  Company".  As remarked in Williston On Contracts (4th Ed.) §36:1 at p.610,

27  "Copromissors are liable 'jointly' if all of them have promised the entire

28  performance which is the subject of the Contract."  In that the Center Re Agreement

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

5936041                                6
MEMORANDUM OF DEFENDANT NATIONAL INDEMNITY CO. IN AID OF EARLY NEUTRAL
EVALUATION CONFERENCE

1  does not purport to create separate and distinct obligations for Frontier and FPIC

2  with respect to the Funds Held Balance, FPIC is jointly liable for the whole amount.

3           NICO thus need not refer to, or rely on, Endorsement No. 3 to the

4  NICO Agreement in order to establish prima facie liability on the part of FPIC.

5           The second legally untenable position asserted in the Complaint is that

6  the settlement between Frontier and NICO, as reflected in Endorsement No. 3, has

7  the effect of an accord and satisfaction vis a vis FPIC.  Thus, FPIC implicitly asserts

8  that it was the intention of Frontier and NICO in entering into Endorsement No. 3

9  fully to satisfy the joint liability of FPIC for the Funds Held Balance.  This

10  contention is patently at odds with the provision of Endorsement No. 3 allowing

11  NICO to collect "the remaining funds held balance from the other participants to the

12  Center Re Reinsurance Agreements and Novation," subject to the concurrence of

13  Frontier.  Such language is an express reservation of rights against a third party,

14  nullifying any benefit which otherwise might be claimed by FPIC by virtue of the

15  release language of Endorsement No. 3.  See N.Y. General Obligation Law §15-104

16  "…the obligee's release or discharge of one or more of… joint, or of joint and

17  several obligors shall not discharge co-obligors against whom the obligee in writing

18  and as part of the same transaction as the release or discharge, expressly reserves his

19  rights…."

20           Plaintiff may argue that continuing liability on the part of FPIC is

21  inconsistent with language of Endorsement No. 3 referring to "forgiveness" of the

22  Funds Held Balance. However, representatives of both Frontier and NICO will

23  testify that the reference to "forgiveness" of the Funds Held Balance was intended

24  solely as confirmation of a covenant not to enforce the debt as to Frontier.  Both

25  Frontier and NICO recognized that, even after the "forgiveness", the entire balance

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

593604.1                                                      7
MEMORANDUM OF DEFENDANT NATIONAL INDEMNITY CO. IN AID OF EARLY NEUTRAL
EVALUATION CONFERENCE

1   remained owing by the other co-obligors.[2]  It is this intention, rather than any

2   technical construction of Endorsement No. 3, which must control interpretation of

3   the Endorsement.  See *NAB Construction Corp. v. City of New York*, 276 A.D. 2d

4   388, 389, 390, 714 N.Y.S. 2d 279 (2000) (scope of release, absolute on its face,

5   must be determined in the context of the wider dealings of the parties and the

6   intentions thereby revealed); *Plath v. Justus*, 28 N.Y. 2d 16 (1971) (release of auto

7   driver liable for wrongful death deemed covenant not to sue, where right to proceed

8   against others reserved; action against owner of vehicle not barred).

9           Even if an arbitrator were in doubt concerning the construction of

10  Endorsement No. 3, given the agreement of both parties to the endorsement that a

11  substantial Funds Held Balance remained owing and that this amount was

12  recoverable from other co-obligors, reformation would plainly be permitted.  Thus

13  the authors of New York Jurisprudence 2d write: " … the failure of a written

14  instrument to express the true intention of the parties because of a mutual mistake as

15  to the real meaning of the language used is a ground for reformation…" 16 New

16  York Jurisprudence 2d "Cancellation of Instruments" §72 at p.621.  Insofar as it is

17  clear that FPIC was not intended to be a third party beneficiary of Endorsement

18  No. 3, it is doubtful whether FPIC even has standing to object to reformation.

19  **IV.    CONCLUSION**

20          This action must, as a matter of law, be stayed pending arbitration in

21  New York City.  On the merits, the Commissioner has little or no chance of

22  avoiding liability for the Funds Withheld Balance.  NICO is willing to be pragmatic

23  in negotiating a consensual resolution.  Unfortunately, to date, the Commissioner

24  ///

25  ///

26

27  _____
    [2]   This was consistent with the understanding of the parties that the actual value of

28  consideration received by NICO was far less than the stated nominal value.

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

593604.1                                        8
MEMORANDUM OF DEFENDANT NATIONAL INDEMNITY CO. IN AID OF EARLY NEUTRAL
EVALUATION CONFERENCE

1 │ has expressed a disinclination to engage in serious bargaining.  NICO welcomes the

2 │ assistance of the Magistrate in seeking a just resolution.

3 │

4 │ DATED:  June 27 2008                    MUSICK, PEELER & GARRETT llp

5 │

6 │                                          By: s/Richard S. Conn
                                                 Richard S. Conn
7 │                                              Attorneys for NATIONAL INDEMNITY
                                                 COMPANY
8 │

9 │

10 │

11 │

12 │

13 │

14 │

15 │

16 │

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

593604.1

9

MEMORANDUM OF DEFENDANT NATIONAL INDEMNITY CO. IN AID OF EARLY NEUTRAL
EVALUATION CONFERENCE

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# TABLE OF CONTENTS

**Page**

Notice of Motion of National Indemnity Company to Stay
Prosecution of Action Pending Arbitration of Claims.......................................12-13

Memorandum of Points and Authorities in Support of
Defendant National Indemnity Company's Motion to Stay
Prosecution of Action .........................................................................................14-33

Declaration of Richard Conn (without exhibits) ..............................................34-37

Declaration of Joseph Casaccio (without exhibits) .........................................38-39

**MEMORANDUM OF DEFENDANT NATIONAL INDEMNITY CO. IN AID OF EARLY NEUTRAL
EVALUATION CONFERENCE**

**MUSICK, PEELER & GARRETT** LLP
ATTORNEYS AT LAW
One Wilshire Boulevard, Suite 2000
Los Angeles, California 90017-3383
TELEPHONE 213 629-7612
FACSIMILE 213 624-1376

Susan J. Field (State Bar No. 086200)
s.field@mpglaw.com
Richard S. Conn (State Bar No. 065513)
r.conn@mpglaw.com
Barbora Pulmanova (State Bar No. 234028)
b.pulmanova@mpglaw.com

Attorneys for NATIONAL INDEMNITY COMPANY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE POIZNER, INSURANCE COMMISSIONER OF THE STATE OF CALIFORNIA, in his capacity as Liquidator of Frontier Pacific Insurance Company, | Case No.  08 CV 772 L (POR)<br><br>Assigned to the Hon. M. James Lorenz Courtroom 14<br><br>Complaint Filed:  March 17, 2008 |
| Plaintiff, | **NOTICE OF MOTION AND MOTION OF DEFENDANT NATIONAL INDEMNITY COMPANY TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS** |
| vs. | |
| NATIONAL INDEMNITY COMPANY, a Nebraska corporation; and DOES 1 through 10, | |
| Defendant. | |
| | **[SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF RICHARD S. CONN; DECLARATION OF JOSEPH CASACCIO; AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]** |
| | **DATE:        August 18, 2008**<br>**TIME:         10:30 a.m.**<br>**COURTROOM:    14** |

TO THE INSURANCE COMMISSIONER OF THE STATE OF CALIFORNIA

AND TO ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 18, 2008, at 10:30 a.m. or as

590064.1                                    1

**NOTICE OF MOTION AND MOTION OF DEFENDANT NATIONAL INDEMNITY COMPANY TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**

Exhibit A, Page 12

1   soon thereafter as the matter may be heard, in Courtroom 14 of the above-entitled

2   Court, located at 880 Front Street, San Diego, California 92101, Defendant National

3   Insurance Company ("NICO"), will and hereby does move for an order staying the

4   prosecution of this acting pending arbitration of claims. This motion is made

5   pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-9, on the ground that the

6   reinsurance agreements at issue in this action provide for binding arbitration of any

7   disputes thereunder.

8         This motion is based on the accompanying Memorandum of Points and

9   Authorities, the Declaration of Richard S. Conn, the Declaration of Joseph Casaccio,

10   and on the [Proposed] Order Staying Prosecution of Action Pending Arbitration of

11   Claims lodged herewith, on the pleadings and papers on file herein, and on such

12   further matters as may be presented in a reply memorandum at the hearing on this

13   motion.

14

15   DATED:  June 27, 2008           MUSICK, PEELER & GARRETT LLP

16

17                       By: s/Richard S. Conn

18                           Richard S. Conn
                          Attorneys for NATIONAL INDEMNITY
                          COMPANY

19

20

21

22

23

24

25

26

27

28

590064.1                           2

**NOTICE OF MOTION AND MOTION OF DEFENDANT NATIONAL INDEMNITY COMPANY
TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW
One Wilshire Boulevard, Suite 2000
Los Angeles, California 90017-3383
TELEPHONE 213-629-7612
FACSIMILE (213) 624-1376

Susan J. Field (State Bar No. 086200)
s.field@mpglaw.com
Richard S. Conn (State Bar No. 065513)
r.conn@mpglaw.com
Barbora Pulmanova (State Bar No. 234028)
b.pulmanova@mpglaw.com

Attorneys for NATIONAL INDEMNITY COMPANY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE POIZNER, INSURANCE COMMISSIONER OF THE STATE OF CALIFORNIA, in his capacity as Liquidator of Frontier Pacific Insurance Company,<br><br>            Plaintiff,<br><br>      vs.<br><br>NATIONAL INDEMNITY COMPANY, a Nebraska corporation; and DOES 1 through 10,<br><br>            Defendant. | Case No.  08 CV 772 L (POR)<br><br>Assigned to the Hon. M. James Lorenz Courtroom 14<br><br>Complaint Filed:  March 17, 2008<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**<br><br>**[NOTICE OF MOTION; DECLARATION OF RICHARD S. CONN; DECLARATION OF JOSEPH CASACCIO; AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]**<br><br>**DATE:         August 18, 2008<br>TIME:          10:30 a.m.<br>COURTROOM:      14** |

Defendant National Indemnity Company submits the following

Memorandum of Points and Authorities in support of its Motion to Stay Proceedings

Pending Arbitration:

589576.1

1

## <u>TABLE OF CONTENTS</u>

2

**Page**

3

4

I.   STATEMENT OF MATTERS IN CONTROVERSY ................................ 2

5

II.  GROUNDS FOR RELIEF SOUGHT ................................................ 6

6

III. ARGUMENT:  THE COURT SHOULD STAY THIS ACTION
     PENDING ARBITRATION OF CLAIMS ........................................ 7

7

     A.   The Parties' Arbitration Agreements Unambiguously Require
          Arbitration Of This Dispute. ............................................ 7

8

9

          1.   Both Federal And California Law Strongly Favor
               Arbitration And Require That Arbitration Agreements
               Be Broadly Construed............................................. 8

10

11

          2.   Under The Foregoing Standard, The Dispute Presented
               Here Is Within The Scope Of The Parties' Agreements To
               Arbitrate And Must Be Arbitrated By The Commissioner........ 11

12

13

     B.   Arbitration Of Reinsurance Disputes Is Particularly Appropriate. ....... 12

14

     C.   The Order Of The Liquidation Of FPIC Is No Bar To The Relief
          Sought.............................................................................. 14

15

IV.  CONCLUSION .......................................................................... 16

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

589576.1

i

# TABLE OF AUTHORITIES

CASES

*Ainsworth v. Allstate Insurance Co.,*
   634 F. Supp. 52 (W.D. Mo. 1985)...............................................................8, 11

*Allen v. Ramsay,*
   179 Cal. App. 2d 843, 4 Cal. Rptr. 575 (1960) ...............................12

*Anderson v. Great Republic Life Insurance Co.,*
   41 Cal. App. 2d 181, 106 P.2d 75 (1940)...............................................12

*Bennett v. Liberty National Fire Ins. Co.,*
   968 F.2d 969 (9th Cir. 1992)...............................................................11, 12

*Bernstein v. Centaur Insurance Co.,*
   606 F. Supp. 98 (S.D.N.Y. 1984) ...............................................................8

*Bos Material Handling, Inc. v. Crown Controls Corp.,*
   137 Cal. App. 3d 99, 186 Cal.Rptr. 740 (1982) ...............................9

*Campeau Corp. v. May Dept. Stores Co.,*
   723 F. Supp. 224 (S.D.N.Y.1989)...............................................................7

*Complaint of Hornbeck Offshore,*
   981 F.2d 752 (5th Cir. 1993) ...............................................................7

*Dean Witter Reynolds, Inc. v. Byrd,*
   470 U.S. 213, 105 S.Ct. 1238 (1985) ...............................................................9

*Gutierrez v. Academy Corp.,*
   967 F. Supp. 945 (S.D. Tex. 1997)...............................................................7

*Houston General Insurance Co. v. Realex Group, N.V.,*
   776 F.2d 514 (5th Cir. 1985) ...............................................................13

*Local Union No. 370, Int'l Union of Operating Eng'rs v.*
   *Morrison-Knudson Co.,* 786 F.2d 1356 (9th Cir. 1986) ...............................10

*Mass v. Melymont,*
   1 Misc. 3d 906A, 2003 WL 23138786 (N.Y. Dist. Ct. 2003)...............................5

*Merrill Lynch, Pierce, Fenner & South Inc. v. Lauer,*
   49 F.3d 323 (7th Cir. 1995) ...............................................................7

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,*
   473 U.S. 614, 105 S.Ct. 3346 (1985) ...............................................................8, 9

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,*
   460 U.S. 1, 103 S.Ct. 927 (1983) ...............................................................8, 9

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

589576.1

ii

*National Union Fire Ins. Co. v. Belco Petroleum Corp.*,
   88 F.3d 129 (2d Cir. 1996) ................................................................10

*Pacific Indemnity Co. v. Insurance Co. of North America*,
   25 F.2d 930 (9th Cir. 1928) ...............................................................13

*People v. Gonzalez*,
   12 Cal.4th 804, 50 Cal. Rptr. 2d 74 (1996) ......................................16

*Petition of Home Ins. Co.*,
   908 F. Supp. 180 (S.D.N.Y. 1995) ......................................................7

*Prima Paint Corp. v. Flood & Conklin Mfg.*,
   388 U.S. 395 (1967) ...........................................................................10

*Quackenbush v. Allstate Insurance Co.*,
   121 F.3d 1372  (9th Cir. 1997).........................................10, 11, 12, 16

*Republic of Nicaragua v. Standard Fruit Co.*,
   937 F.2d 4698 (9th Cir. 1991)
   *cert. den.* 503 U.S. 919 ....................................................................10

*Rodriguez de Quijas v. Shearson/ American Express, Inc.*,
   109, S.Ct. 1917, 104 L.Ed.2d 526 (1989) ........................................10

*Shearson/American Express, Inc. v. McMahon*,
   482 U.S. 220, 107 S.Ct. 2332 (1987) ...............................................10

*Southland Corp. v. Keating*,
   465 U.S. 1, 104 S.Ct. 852 (1984) ........................................................8

*U.S. Dept. of Treasure v. Fabe*,
   508 U.S. 491, 113 S.Ct. 2202 (1993) ...............................................12

*United States v. South Eastern Ass'n*,
   322 U.S. 533, 64 S.Ct. 1162 (1944) ....................................................8

*United Steelworkers of America v. Warrior  Gulf Navigation Co.*,
   363 U.S. 574, 80 S.Ct. 1347 (1960) ....................................................9

STATUTES

15 U.S.C. § 1012(b) .......................................................................12

15 U.S.C. §§ 1011-15 ....................................................................12

9 U.S.C. § 3.............................................................................6, 14

9 U.S.C. § 4 .....................................................................................7

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

589576.1                                          iii

## FOREIGN AUTHORITIES

*Kivort Steel Inc. v. Liberty Leather Corp.*,
    110 A.D.2d 950, 487 N.Y.S.2d 877 (1985)......................................................5

## OTHER AUTHORTIES

4 B. Witkin, California Procedure,
    Pleading § 127 at 160 (1985)..................................................................12

K. Thompson, Reinsurance (4th Ed. 1966) ...............................................13

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

589576.1

1

2  I.    **STATEMENT OF MATTERS IN CONTROVERSY**

3         This action has been brought by Steve Poizner, Insurance

4  Commissioner of the State of California ("Plaintiff" or "Commissioner"), in his

5  capacity as Liquidator of Frontier Pacific Insurance Company ("FPIC").

6  (Complaint, p. 1)  Plaintiff seeks "a determination that [FPIC's] right to recover

7  monies owed by National Indemnity Company ("NICO") pursuant to an indemnity

8  contract is not subject to any claim of offset for monies that were presently owed to

9  NICO from Frontier Insurance Company ("Frontier"), FPIC's parent company."

10 (Complaint, p. 2, ¶ 1)  Frontier and FPIC are subject to state court supervised

11 insolvency proceedings in New York and California, respectively.  (Complaint, p. 2,

12 ¶¶ 4-5)

13        Plaintiff initially sued NICO in San Diego Superior Court.  NICO

14 caused the superior court action to be removed to this court on grounds of diversity

15 - - Plaintiff being a citizen of California and NICO having its principal place of

16 business and state of incorporation in Nebraska.  (Complaint, pp. 2-3, ¶ 6)

17        The indebtedness of Frontier which NICO allegedly seeks to offset

18 arose under a reinsurance agreement effective January 1, 1995, which is attached to

19 the Complaint as Exhibit "A".  (Complaint, p. 3, ¶ 9)  The Complaint refers to this

20 agreement as the Center Re Agreement, because Center Reinsurance Company of

21 New York ("Center Re") was initially obligated as reinsurer thereunder.  NICO

22 became the ultimate Reinsurer under the Center Re Agreement by virtue of a

23 Novation Agreement (Complaint, Ex. C) effective July 1, 2000.  Both Frontier and

24 FPIC were parties to the Novation Agreement.  (Complaint, p. 4, ¶ 14)  Under the

25 Center Re Agreement, the Reinsured party was entitled to retain 92% of collected

26 premium in order to defray losses (the "Center Re Funds Held").  Unexpended

27 premium (the "Funds Withheld") was ultimately required to be remitted to the

28 Reinsurer.

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

589576.1                                  2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION
PENDING ARBITRATION OF CLAIMS

Exhibit A, Page 19

1

2        Plaintiff alleges that as of October 15, 2001, when the Supreme Court

3   of the State of New York issued an Order of Rehabilitation respecting Frontier,

4   "Frontier owed approximately $40 million in premiums to NICO under the

5   Novation Agreement to fund the Center Re Funds Held deficiency due at December

6   31, 2003." Review of the Center Re Agreement, Exhibit A, discloses that FPIC was

7   jointly and severally liable for the same indebtedness: page one of Exhibit A

8   defines Frontier and FPIC collectively as "the Company" and, pursuant to Article

9   XIG, "[t]he Company promises to pay the Funds Withheld Balance" on the earlier

10  of various stated contingencies. (Complaint, Ex. A, p. 7)

11       Notably, the Center Re Agreement contains the following provision for

12  comprehensive, binding arbitration: "<u>Any dispute arising out of the interpretation,</u>

13  <u>performance or breach of this Agreement … shall be submitted for decision to a</u>

14  <u>panel of three arbitrators.  ***  The panel shall render its decision within sixty (60)</u>

15  <u>days following the termination of hearings, which decision shall be in writing,</u>

16  <u>stating the reasons thereof.  Judgment upon the award may be entered in any court</u>

17  <u>having jurisdiction thereof.</u>" (Complaint, Ex. A, pp. 17-18, Art. XXVII) The

18  Center Re Agreement likewise provides for the arbitration to proceed in New York

19  City, pursuant to the laws of the State of New York. (op. cit.)

20       NICO served as reinsurer for Frontier and FPIC under other agreements

21  as well. (Complaint, ¶¶ 17) Among these was an agreement with Frontier effective

22  July 1, 2000, (the "NICO Agreement") to which FPIC was added as a reinsured

23  effective October 1, 2000. (Complaint, Exs. D and E)

24       Subsequent to initiation of Frontier's insolvency proceedings, NICO

25  and Frontier entered into Endorsement No. 3 to the NICO Agreement. (FPIC was

26  not a party to Endorsement No. 3.) Under Endorsement No. 3, NICO forgave and

27  released Frontier of indebtedness in the amount of $140,000,000. NICO agreed "not

28  to collect [the Center Re Funds Held balance at December 31, 2003] <u>from</u> <u>Frontier</u>

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

589576.1                                   3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION
PENDING ARBITRATION OF CLAIMS

Exhibit A, Page 20

1  (emph. supp.) as part of the $140,000,000 NICO balance forgiveness …"

2  (Complaint, Ex. H, p. 3, ¶¶ 8-9)  While, pursuant to Endorsement No. 3, NICO

3  clearly thus foregoes recourse against Frontier for recovery of the Center Re Funds

4  Held balance, Endorsement No. 3 makes equally clear that NICO is not releasing

5  other obligors - - such as FPIC: "The Reinsurer agrees that it may only collect the

6  remaining funds held balance from the other participants to the Center Re

7  Reinsurance Agreements and Novation," subject to a veto right by Frontier.[1]

8  (Complaint, Ex. H, p. 3, ¶ 9)

9         The Complaint alleges that "Endorsement No. 3 has been fully

10  performed by NICO and Frontier and Frontier and FPIC's obligations under the

11  Reinsurance Agreements for payment of premium has been fully discharged and

12  satisfied." (Complaint, p. 8, ¶ 37)  Based on this contention, FPIC alleges NICO

13  currently holds no setoff rights (e.g. that NICO is owed no Withheld Funds) and that

14  NICO owes FPIC $4,883,090 under the NICO Agreement. (Complaint, p. 9, ¶ 42;

15  Ex. M)

16         Notably the NICO Agreement, to which FPIC is a party, contains the

17  following provision for binding arbitration: <u>"All matters in difference between the</u>

18  <u>Reinsured and the Reinsurer … in relation to this reinsurance, including its</u>

19  <u>formation and validity, and whether arising during or after the period of this</u>

20  <u>reinsurance, shall be referred to an Arbitration Tribunal … *** The award of the</u>

21  <u>Arbitration Tribunal shall be in writing and binding on the parties who covenant to</u>

22  <u>carry out the same."</u> (Complaint, Ex. D, p. 9, Art. 18)  As with the Center Re

23  Agreement, the NICO Agreement provides that the Arbitration will proceed in New

24  York City, in accordance with the laws of the State of New York.

25

26  [1]  Frontier had an interest in whether the Center Re Funds Held balance was
collected from other participants. To the extent the Center Re Funds Held balance

27  was applied against claims of FPIC, this would preserve limits available to Frontier
under the NICO Agreement.

28

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

589576.1                                      4
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION
PENDING ARBITRATION OF CLAIMS

Exhibit A, Page 21

1

2    The Complaint alleges a right to declaratory relief as to three issues:

3   that FPIC is not bound by Endorsement No. 3, as purportedly contended by NICO

4   (Complaint, First Cause of Action, pp. 9-10); that Endorsement No. 3 constituted an

5   accord and satisfaction as to the obligation of FPIC to pay the Center Re Funds Held

6   balance (Complaint, Second Cause of Action, p. 10); and for a determination that

7   NICO is barred by California Insurance Code section 1031 from setting off monies

8   it owes FPIC against monies due NICO from Frontier and otherwise discharged by

9   Endorsement No. 3. (Complaint, Third Cause of Action, pp. 10-11) The Complaint

10  thus asks the Court to determine the legal effect of Endorsement No. 3 on the Center

11  Re Agreement, as well as the validity of an affirmative defense raised by FPIC to

12  claims of NICO under the Center Re Agreement: accord and satisfaction. *See Mass*

13  *v. Melymont*, 1 Misc. 3d 906A, 2003 WL 23138786 (N.Y. Dist. Ct. 2003) ("In the

14  case at bar, accord and satisfaction as an affirmative defense can be raised by

15  defendant and employed successfully to preclude recovery providing that it is

16  properly raised."). The Complaint in turn asks the Court to rule on an affirmative

17  defense asserted by NICO to claims of FPIC under the NICO Agreement - - the

18  affirmative defense of set off. *See Kivort Steel Inc. v. Liberty Leather Corp.*, 110

19  A.D.2d 950, 952, 487 N.Y.S.2d 877 (1985).

20    The Complaint further implicitly asks the Court to indulge the

21  assumption that FPIC is not now and never has been liable as a joint obligor with

22  Frontier for payment of the Center Re Funds Held balance – a proposition belied by

23  the very face of the Center Re Agreement.

24    NICO 's Answer to Complaint discloses differences both over the

25  nature of matters in controversy and the substantive rights of the parties. For

26  example, NICO denies that Frontier has fully satisfied the Center Re Funds Held

27  obligation by virtue of Endorsement No. 3. (Answer to Complaint, ¶ 37) NICO

28  denies that its claim of set off arises under Endorsement No. 3 (Answer, p. 10, ¶ 46),

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

589576.1                                                    5
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION
PENDING ARBITRATION OF CLAIMS

Exhibit A, Page 22

1   or by virtue of the indebtedness of Frontier, maintaining that it is entitled to assert

2   setoff by virtue of the joint and several liability of FPIC as part of the collective

3   "Company" under the Center Re Agreement. Similarly, NICO denies that

4   Endorsement No. 3 has the legal effect of an accord and satisfaction as to FPIC.

5   (Answer to Complaint p. 11, ¶ 50) To the extent that Endorsement No. 3 is

6   susceptible to such a construction, NICO maintains that it is subject to reformation.

7   (Answer to Complaint p. 12, ¶ 56) NICO further maintains that Frontier is an

8   indispensable party to any dispute resolution process addressing rights under the

9   Center Re Agreement and NICO Agreement. (Answer to Complaint p. 12, ¶ 55)

10          Remarkably, although both of the agreements which give rise to the

11  current controversy provide for binding arbitration, the Plaintiff has refused NICO's

12  demand to submit the instant controversy to binding arbitration. (Declaration of

13  Richard S. Conn) It is this refusal which necessitates the instant motion to stay this

14  litigation pending arbitration proceedings mandated by the Federal Arbitration Act.

15  **II.     GROUNDS FOR RELIEF SOUGHT**

16          By means of this motion NICO seeks an order staying prosecution of

17  this action pending a resolution of all claims by binding arbitration. Issuance of a

18  stay order is authorized by Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3,

19  which provides:

20              "If any suit or proceeding be brought in any of the courts

21              of the United States upon any issue referable to arbitration

22              under an agreement in writing for such arbitration, the

23              court in which such suit is pending, upon being satisfied

24              that the issue involved in such suit or proceeding is subject

25              to arbitration under such agreement, shall on application of

26              one of the parties stay the trial of the action until

27              arbitration has been had in accordance with the terms of

28              the agreement, providing the applicant for the stay is not in

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

589576.1                                        6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION
PENDING ARBITRATION OF CLAIMS

Exhibit A, Page 23

1  default in proceeding with such arbitration."

2  If the conditions of Section 3 are satisfied (*e.g.* the dispute is referable

3  to arbitration) issuance of a stay is <u>mandatory</u>. *See Complaint of Hornbeck*

4  *Offshore*, 981 F.2d 752, 754 (5th Cir. 1993); *Gutierrez v. Academy Corp.*, 967

5  F. Supp. 945, 947 (S.D. Tex. 1997); *Campeau Corp. v. May Dept. Stores Co.*, 723

6  F. Supp. 224, 226 (S.D.N.Y.1989).

7  Notably, a stay order may be issued independently of an order

8  compelling arbitration. Indeed, this may be necessitated where, as here, the action

9  to be stayed has been filed in a jurisdiction other than that where the arbitration is to

10  occur. (The instant arbitration provisions specify New York, New York as the locus

11  of the arbitration.) This follows from the proviso of 9 U.S.C. § 4 that the compelled

12  arbitration hearing "shall be within the district in which the petition directing such

13  arbitration is filed." Since this court arguably cannot issue an order compelling

14  arbitration in New York, it is entirely proper that the relief sought by the aggrieved

15  party be limited to a stay order. *See Merrill Lynch, Pierce, Fenner & South Inc. v.*

16  *Lauer*, 49 F.3d 323, 327-328 (7th Cir. 1995); *Petition of Home Ins. Co.*, 908

17  F. Supp. 180, 182 (S.D.N.Y. 1995).

18  **III. ARGUMENT: THE COURT SHOULD STAY THIS ACTION**

19  **PENDING ARBITRATION OF CLAIMS**

20  **A. The Parties' Arbitration Agreements Unambiguously Require**

21  **Arbitration Of This Dispute.**

22  In entering into the Center Re Agreement and Novation Agreement

23  described above, NICO and FPIC agreed to arbitrate "any dispute arising out of the

24  interpretation, performance or breach of this Agreement." (Complaint, Ex. B, p. 17)

25  The arbitration provision under the NICO Agreement is no less broad: "All matters

26  in difference between the Reinsured and Reinsurer … in relation to this reinsurance

27  … shall be referred to an Arbitration Tribunal …" (Complaint, Ex. D, p. 9) These

28  provisions unambiguously require arbitration of all disputes, including NICO's

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

589576.1                                                    7
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION
PENDING ARBITRATION OF CLAIMS

Exhibit A, Page 24

1 | obligations to the FPIC and NICO's right to set off sums due NICO from FPIC.

2 |       1.    **Both Federal And California Law Strongly Favor**

3 |              **Arbitration And Require That Arbitration Agreements**

4 |              **Be Broadly Construed.**

5 |         In its decision in *Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852

6 | (1984), the United States Supreme Court ruled that the Federal Arbitration Act

7 | ("FAA") governs the issue of arbitrability of disputes under any agreement to

8 | arbitrate that affects interstate commerce.[2] Thus, the Supreme Court in *Southland*

9 | held that "the underlying issue of arbitrability" in such a case is "a question of

10 | substantive federal law." *Southland Corp.*, 465 U.S. at 12, 104 S.Ct. at 859. *See*

11 | *also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626,

12 | 105 S.Ct. 3346, 3353 (1985) ( in determining whether a dispute is subject to

13 | arbitration, the Court is to apply "'federal substantive law of arbitrability, applicable

14 | to any arbitration agreement within coverage of the [Federal Arbitration] Act'"

15 | (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460

16 | U.S. 1, 24, 103 S.Ct. 927, 941 (1983)).  Accordingly, federal law controls the issue

17 | of whether NICO's claims to a setoff are subject to arbitration. As demonstrated

18 | below, however, the issue of which law controls here is essentially moot as both

19 | federal and California law require arbitration.

20 |         The courts have consistently held that the strong policy favoring

21 | arbitration requires that agreements to arbitrate be broadly construed.  The FAA,

22 |
23 | [2]  The reinsurance agreements at issue here are contracts "evidencing a transaction involving commerce" within the meaning of section 2 of the FAA, 9 U.S.C. § 2. *See, e.g., Ainsworth v. Allstate Insurance Co.*, 634 F. Supp. 52, 55-56 (W.D. Mo.
24 | 1985) (reinsurance agreements were contracts "evidencing a transaction involving commerce" within the FAA). Indeed, as the *Ainsworth* court noted, "that the
25 | agreements involve insurance may be enough to establish the interstate commerce connection." *Id.* at 55. *Accord Bernstein v. Centaur Insurance Co.*, 606 F. Supp.
26 | 98, 101 (S.D.N.Y. 1984) ("insurance is business in interstate commerce" under FAA); *see also United States v. South Eastern Ass'n*, 322 U.S. 533, 539-53, 64 S.Ct.
27 | 1162, 1166-73 (1944) (fire insurance business is interstate commerce under Commerce Clause and Sherman Act).
28 |

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

589576.1

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION
PENDING ARBITRATION OF CLAIMS**

1  "both through its plain meaning and the strong federal policy it reflects, requires

2  courts to enforce the bargain of the parties to arbitrate, and 'not substitute [its] own

3  views of economy and efficiency' for those of Congress." *Dean Witter Reynolds,*

4  *Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 1241 (1985).  In light of this policy:

5  　　　　　An order to arbitrate the particular grievance should not be

6  　　　　　denied unless it may be said with positive assurance that

7  　　　　　the arbitration clause is not susceptible of an interpretation

8  　　　　　that covers the asserted dispute.  Doubts should be

9  　　　　　resolved in favor of coverage.

10  *United Steelworkers of America v. Warrior  Gulf Navigation Co.,* 363 U.S. 574,

11  582-83, 80 S.Ct. 1347, 1353 (1960).  As the Supreme Court observed in a

12  subsequent decision:

13  　　　　　'questions of arbitrability must be addressed with a

14  　　　　　healthy regard for the federal policy favoring arbitration

15  　　　　　… The Arbitration Act establishes that, as a matter of

16  　　　　　federal law, any doubts concerning the scope of arbitrable

17  　　　　　issues should be resolved in favor of arbitration, whether

18  　　　　　the problem at hand is the construction of the contract

19  　　　　　language itself or an allegation of waiver, delay, or a like

20  　　　　　defense to arbitrability.'

21  *Mitsubishi Motors,* 473 U.S. at 626, 105 S.Ct. at 3353-54 (quoting *Moses H. Cone*

22  *Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. at 24-25, 103 S.Ct. at

23  941-42).

24  　　　　　California decisions are fully in accord with the foregoing rules.  *E.g.,*

25  *Bos Material Handling, Inc. v. Crown Controls Corp.,* 137 Cal. App. 3d 99, 105,

26  186 Cal.Reptr. 740 (1982) ("In California, the general rule is that arbitration should

27  be upheld unless it can be said with assurance that an arbitration clause is not

28  susceptible to an interpretation covering the asserted dispute").

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

589576.1                                9
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION
PENDING ARBITRATION OF CLAIMS

Exhibit A, Page 26

1

2        Under the above standard, not only claims, but also affirmative

3   defenses to claims, must be arbitrated.  Thus, the Court in *Republic of Nicaragua v.*

4   *Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991) *cert. den.* 503 U.S. 919 states

5   that, when "enforcing agreements to arbitrate," a court must "leav[e] the merits of

6   the claims <u>and</u> <u>any</u> <u>defense</u> to the arbitrator." (emph. supp.)  When a dispute is

7   subject to arbitration, the entire dispute - - including both claims and defenses

8   - - must be arbitrated.  *See e.g. Prima Paint Corp. v. Flood & Conklin Mfg.*, 388

9   U.S. 395, 404 (1967) (defense of fraudulent inducement to be decided by arbitrators

10  hearing breach of contract claim); *National Union Fire Ins. Co. v. Belco Petroleum*

11  *Corp.*, 88 F.3d 129 (2d Cir. 1996)  (preclusion defense to be decided by arbitrators);

12  O'Neel v. NASD, 667 F.2d 804, 807 (9th Cir. 1982) (statute of limitations defense

13  to be decided by arbitrators).

14        The mandate for arbitration applies equally where, as here, a later

15  executed settlement with a third party is the basis of the claimed defense.  *Local*

16  *Union No. 370, Int'l Union of Operating Eng'rs v. Morrison-Knudson Co.*, 786 F.2d

17  1356, 1357-1358 (9th Cir. 1986).  Nor have courts treated the defense of setoff as

18  exempt from arbitration.  *Quackenbush v. Allstate Insurance Co.,*121 F.3d 1372,

19  1380  (9th Cir. 1997).

20        Likewise, statutory claims, such as claims under the Racketeer

21  Influenced and Corrupt Organizations Act (RICO) and the federal securities laws,

22  must be submitted to arbitration when they fall within the scope of a contractual

23  agreement to arbitrate, unless Congress has expressly created an exception to the

24  Federal Arbitration Act.  *Rodriguez de Quijas v. Shearson/ American Express, Inc.*,

25  109, S.Ct. 1917, 104 L.Ed.2d 526 (1989) (ordering arbitration of claims under

26  Securities Act of 1933); *Shearson/American Express, Inc. v. McMahon*, 482 U.S.

27  220, 107 S.Ct. 2332 (1987) (compelling arbitration of RICO claims and claims

28  under Securities Exchange Act of 1934).

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

589576.1                                    10
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION
PENDING ARBITRATION OF CLAIMS

Exhibit A, Page 27

2.    **Under The Foregoing Standard, The Dispute Presented Here Is Within The Scope Of The Parties' Agreements To Arbitrate And Must Be Arbitrated By The Commissioner.**

There can be no dispute whether the claims asserted in this case fall within the scope of the parties' arbitration agreements. The Commissioner effectively seeks to recover reinsurance balances that have accrued under a reinsurance agreement pursuant to which NICO reinsured FPIC. This agreement has an arbitration provision. NICO seeks to set off balances that are due it under another reinsurance agreement pursuant to which NICO acted as FPIC's reinsurer. This reinsurance agreement also has an arbitration provision. These claims lie at the very heart of the contracts of reinsurance at issue in this case. It is difficult to imagine a clearer instance of a dispute concerning rights under the reinsurance agreements. Although citation of authority is hardly necessary, the cases have found that such disputes fall within the scope of arbitration agreements akin to those here, and are fully enforceable against liquidators of insurance companies. *E.g. Quackenbush v. Allstate Insurance Co.*, 121 F.3d 1372, 1380 (9th Cir. 1997) (compelling arbitration of dispute between Insurance Commissioner as Liquidator and reinsurer over rights of setoff); *Bennett v. Liberty National Fire Ins. Co.,* 968 F.2d 969, 971, 972 (9th Cir. 1992) (insurer's liquidator bound by insurer's pre-insolvency agreement to arbitrate all disputes arising out of its contractual relationship); *Ainsworth v. Allstate Insurance Co.*, 634 F. Supp. 52, 53-56 (W.D. Mo. 1985) (receiver of insolvent insurers must arbitrate claim against reinsurer in view of arbitration agreements contained in reinsurance treaties).

For the foregoing reasons, the Court should stay prosecution of this action pending a resolution of all claims through arbitration.

The foregoing decisions are consistent with the status of the Insurance Commissioner under the California Insurance Code. As several California decisions have recognized, the Insurance Commissioner, when acting as a conservator or

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

589576.1

11

1  liquidator of an insolvent insurance company, has duties in the nature of a receiver.

2  *E.g., Anderson v. Great Republic Life Insurance Co.*, 41 Cal. App. 2d 181, 106 P.2d

3  75 (1940). It has long been the law that "[a] receiver sues only on a cause of action

4  of the parties or estate represented, and is subject to the same defenses which would

5  have been available against them." 4 B. Witkin, California Procedure, <u>Pleading</u>

6  § 127 at 160 (1985); *see also, Allen v. Ramsay*, 179 Cal. App. 2d 843, 854, 4 Cal.

7  Rptr. 575 (1960) ("A receiver occupies no better position than that which was

8  occupied by the person or party for whom he acts and the receiver takes the property

9  and the rights of one for whom he was appointed in the same condition and subject

10  to the same equities as existed before his appointment and any defense good against

11  the original party is good against the receiver"). Thus, the Commissioner's power to

12  avoid enforcement of an arbitration agreement can be no greater than that of FPIC,

13  in whose shoes he must stand.

14        The McCarran-Ferguson Act, 15 U.S.C. §§ 1011-15, does not lead to a

15  contrary result. The McCarran-Ferguson Act provides in relevant part that "[n]o

16  Act of Congress shall be construed to invalidate, impair or supersede any law

17  enacted by any State for the purpose of regulating the business of insurance . . .

18  unless such Act specifically relates to the business of insurance." 15 U.S.C.

19  § 1012(b). The Ninth Circuit, however, has expressly held that state insurance law

20  does not preempt the Federal Arbitration Act except in the event of an express

21  conflict (*e.g.* a statute prohibiting arbitration of disputes with a liquidator).

22  *Quackenbush v. Allstate Ins. Co.,* 121 F.3d at 1380-1381, citing *U.S. Dept. of*

23  *Treasure v. Fabe,* 508 U.S. 491, 113 S.Ct. 2202 (1993); and *Bennett v. Liberty*

24  *National Fire Ins. Co.*, 968 F.2d 969, 971-972. As acknowledged in *Quackenbush,*

25  *supra,* no such conflict exists under California law.

26        **B.    <u>Arbitration Of Reinsurance Disputes Is Particularly Appropriate.</u>**

27        That the present dispute concerns rights and obligations under

28  reinsurance agreements makes arbitration particularly suitable. More than forty

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

589576.1                                           12
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION
PENDING ARBITRATION OF CLAIMS

Exhibit A, Page 29

1   years ago it was observed that "[i]t is the general practice and practically the

2   uniform custom to provide in a [reinsurance] treaty for the arbitration of disputes

3   arising out of the terms of the treaty."   K. Thompson, <u>Reinsurance</u> (4th Ed. 1966) at

4   140.  The federal courts, moreover, have routinely and repeatedly compelled

5   arbitration of reinsurance disputes arising under such arbitration agreements.  For

6   instance, in *Houston General Insurance Co. v. Realex Group, N.V.*, 776 F.2d 514

7   (5th Cir. 1985), the Court of Appeal reversed a District Court order which had

8   refused to compel arbitration under the FAA of a suit substantially like that here:

9   one brought by an insurer against its reinsurer seeking to recover balances due on a

10  policy of reinsurance. *Houston General,* 776 F.2d at 516-17.  Indeed, the Ninth

11  Circuit ordered arbitration of a reinsurance dispute as early as 1928. *Pacific*

12  *Indemnity Co. v. Insurance Co. of North America,* 25 F.2d 930 (9th Cir. 1928).

13          The near universality of arbitration agreements in the reinsurance

14  industry has resulted from a number of factors.  Among other things, arbitration

15  offers a relatively prompt, expeditious method for determining the reinsurer's

16  obligation, if any, to pay reinsurance balances in dispute.  Also, a resolution of

17  reinsurance disputes involves both specialized terminology and a system of

18  accounting that is unique to the insurance industry.  Indeed, reinsurance disputes are

19  so idiosyncratic that reinsurance arbitration agreements typically "require the

20  arbitrators to be recognized authority in the field of which the case arises."

21  K. Thompson, <u>Reinsurance</u>, at 140.  The arbitration agreements at issue here contain

22  just such provisions, requiring that the "arbitrators shall be disinterested active or

23  former executive officers of insurance or reinsurance companies" (Complaint,

24  Ex. A, p. 17, Art. XXVII D) or "persons employed or engaged in a senior position in

25  Insurance or Reinsurance underwriting or claims."  (Complaint, Ex. D, p. 9, Art. 18)

26          The determination of the conflicting claims of NICO and FPIC would

27  involve terminology and an accounting system that are unique to the reinsurance

28  context.  Judicial resolution of this dispute would put the parties to extraordinary

589576.1
13
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION
PENDING ARBITRATION OF CLAIMS**

1  burden and expense, not to mention the expenditure of this Court's resources.

2

3          For the foregoing reasons, the Court should issue an order staying

4  prosecution of this action as against NICO. Such an order is mandated by section 3

5  of the Federal Arbitration Act, 9 U.S.C. § 3, which provides that a court "shall" stay

6  a civil action when it is subject to arbitration.

7     **C.    The Order Of The Liquidation Of FPIC Is No Bar To The Relief**

8          **Sought.**

9          The Commissioner may argue that the Order Appointing Commissioner

10 As Liquidator And Restraining Order (the "Order") issued by the Superior Court

11 supervising FPIC's liquidation impedes the right of NICO to compel arbitration. A

12 careful reading of the Order discloses that the Order merely has the effect of

13 preserving assets over which the court exercises in rem jurisdiction from impairment

14 by imposition of liens, execution, levy, and the like.[3] Nothing in the Order prohibits

15 ─────────────────────

16 [3]   The specific provisions on which the Commissioner has placed reliance are
    Paragraphs 24 through 29, which provide:

17     24.   All persons are enjoined, except with leave of this Court issued
18 after a hearing in which the Commissioner as Liquidator has received
    reasonable notice, from obtaining preferences, judgments, attachments
19 or other liens, or making any levy against Respondent or its assets or
    property, and from executing or issuing or causing the execution or
20 issuance of any court attachment, subpoena, replevin, levy, execution
    or other process for the purpose of impounding or taking possession of
21 Respondent or its affiliates, or the Liquidator appointed herein,
    wheresoever situated and from doing any interfering with the conduct
22 of said business by the Commissioner as Liquidator.

23     25.   All persons are enjoined, except by leave of this Court obtained
    after reasonable notice to the Commissioner as Liquidator, from
24 accelerating the due date of any obligation or claimed obligation;
    exercising any right of set-off; taking, retaining, retaking or attempting
25 to retake possession of any real or personal property; withholding or
    diverting any rent or other obligation; doing any act or other thing
26 whatsoever to interfere with the possession of or management by the
    Commissioner as Liquidator and of the property and assets, owned or
27 controlled by Respondent or in the possession of Respondent or to in
    any way interfere with said Commissioner as Liquidator or to interfere
28 in any manner during the pendency of this proceeding with the
    exclusive jurisdiction of this Court over Respondent.

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

589576.1                                  14
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION
PENDING ARBITRATION OF CLAIMS

Exhibit A, Page 31

1  award of declaratory relief by arbitration.  Indeed, in the absence of a California

2  statute prohibiting arbitration of disputes by a liquidator, such an order would

3

4  26.    Respondent, its officers, directors, governors, agents, and employees are enjoined from transacting any of the business of

5  Respondent, whether in the State of California or elsewhere, or from disposing of, or assisting any person in the transfer or alienation of, the

6  property or assets of Respondent, until further order of this Court.

7  27.    All persons are enjoined from instituting, prosecuting or maintaining any action at law or suit in equity, including but not

8  limited to actions or proceedings to compel discovery or production of documents or testimony and matters in arbitration, against Respondent

9  or against the Commissioner as Liquidator of Respondent, and from attaching, executing foreclosure upon, redeeming of or taking any other

10  legal proceedings against, any of the property or assets of Respondent, and from doing any act interfering with the conduct of said business by

11  the Commissioner as Liquidator, except upon order from this Court obtained after reasonable notice to the Commissioner as Liquidator.

12  28.    Any and all provisions of any agreement entered into by and between any third party and Respondent including, by way of

13  illustration, but not limited to, the following types of agreements (as well as any amendments, assignments, or modifications thereto);

14  financial guarantee bonds, promissory notes, loan agreements, security agreements, deeds of trust, mortgages, indemnification agreements,

15  subrogation agreements, subordination agreements, pledge agreements, assignments of rents or other collateral, financial statements, letters of

16  credit, leases, insurance policies, guaranties, escrow agreements, management agreements, real estate brokerage and rental agreements,

17  servicing agreements, attorney agreements, consulting agreements, easement agreements, license agreements, franchise agreements, or

18  employment contracts that provide in any manner that selection, appointment or retention of a conservator, or liquidator or trustee by

19  any court, or entry of an order such as hereby made, shall be deemed to be or otherwise operate as a breach, violation, event of default,

20  termination, event of dissolution, event of acceleration, insolvency, bankruptcy, or liquidation, shall be stayed, and the assertion of any and

21  all rights, remedies relating thereto shall also be stayed and barred, except as otherwise ordered by this Court, and this Court shall retain

22  jurisdiction over any cause of action that has arisen or may otherwise arise under any such provision.

23

24  29.    All persons are enjoined from interfering with the possession, title and rights of the Commissioner as Liquidator, in and to the assets

25  of Respondent, and from interfering with the conduct of the Commissioner as Liquidator in the handling and disposition of assets of

26  Respondent, and from interfering with the conduct of the liquidation and the winding up of the business of Respondent, except upon order of

27  this Court obtained after reasonable notice to the Commissioner as Liquidator.

28

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

589576.1                              15
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION
PENDING ARBITRATION OF CLAIMS

Exhibit A, Page 32

1  contravene the Federal Arbitration Act and would, as such, be void.  As the Court

2  held in *Quackenbush,* 121 F.3d at 1381, arbitration of claims pursued by a California

3  liquidator outside of the statutory insolvency proceedings "will not interfere with

4  California's insolvency scheme" and is therefore controlled by the Federal

5  Arbitration Act.

6           Furthermore, to the extent the Order might be deemed to contravene the

7  Federal Arbitration Act, it is properly challenged by disregard.  *People v. Gonzalez,*

8  12 Cal.4th  804, 818-819, 50 Cal. Rptr. 2d 74 (1996).

9  **IV.   CONCLUSION**

10          As demonstrated above, both federal and California law guarantee

11  NICO's right to arbitrate its dispute with the FPIC and the Commissioner.  This

12  Court should therefore stay prosecution of this action by the Commissioner pending

13  resolution of all claims by arbitration, as the parties expressly agreed in the

14  reinsurance agreements that are the subject of this action.

15

16  DATED:  June 27, 2008                MUSICK, PEELER & GARRETT LLP

17

18                                       By: s/Richard S. Conn
                                             Richard S. Conn
19                                           Attorneys for NATIONAL INDEMNITY
                                             COMPANY
20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

589576.1

16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION
PENDING ARBITRATION OF CLAIMS

1 | **MUSICK, PEELER & GARRETT** LLP
ATTORNEYS AT LAW
One Wilshire Boulevard, Suite 2000
Los Angeles, California 90017-3383
TELEPHONE 213-629-7612
FACSIMILE (213) 624-1376

2

3

4 | Susan J. Field (State Bar No. 086200)
s.field@mpglaw.com
Richard S. Conn (State Bar No. 065513)
r.conn@mpglaw.com
Barbora Pulmanova (State Bar No. 234028)
b.pulmanova@mpglaw.com

5

6

7 | Attorneys for NATIONAL INDEMNITY COMPANY

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | STEVE POIZNER, INSURANCE COMMISSIONER OF THE STATE OF CALIFORNIA, in his capacity as Liquidator of Frontier Pacific Insurance Company,

12

13

Plaintiff,

vs.

NATIONAL INDEMNITY COMPANY, a Nebraska corporation; and DOES 1 through 10,

Defendant.

Case No. 08 CV 772 L (POR)

Assigned to the Hon. M. James Lorenz
Courtroom 14

Complaint Filed: March 17, 2008

**DECLARATION OF RICHARD S. CONN IN SUPPORT OF DEFENDANT NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**

**[NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOSEPH CASACCIO; AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]**

**DATE:**       **August 18, 2008**
**TIME:**        **10:30 a.m.**
**COURTROOM:**   **14**

///

///

///

///

593915.1                                         1
**DECLARATION OF RICHARD S CONN IN SUPPORT OF DEFENDANT NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**

## DECLARATION OF RICHARD S. CONN

I, Richard S. Conn, declare:

1.    At all times herein pertinent I have been a partner with the firm of Musick, Peeler & Garrett LLP, counsel for defendant National Indemnity Company ("NICO"). As such, the facts set forth herein are known to me personally and if called as a witness I could and would competently testify thereto.

2.    On April 29, 2008, I caused the state court action filed by Steve Poizner, Insurance Commissioner of the State of California (the "Commissioner"), as Liquidator for Frontier Pacific Insurance Company ("FPIC") against NICO to be removed to this court, on grounds of diversity. Following the removal, and filing of the Answer to Complaint by NICO, my review of the pleadings convinced me that the controversies reflected by the Complaint and Answer to Complaint were subject to binding arbitration pursuant to the following provisions of the Center Re Agreement and the NICO Agreement:

"Any dispute arising out of the interpretation, performance or breach of [the NICO] Agreement ... shall be submitted for decision to a panel of three arbitrators.  ***  The panel shall render its decision within sixty (60) days following the termination of hearings, which decision shall be in writing, stating the reasons thereof.  Judgment upon the award may be entered in any court having jurisdiction thereof."

*   *   *

"All matters in difference between the Reinsured and the Reinsurer ... in relation to [the NICO Policy], including its formation and validity, and whether arising during or after the period of this reinsurance, shall be referred to an Arbitration Tribunal ...  ***  The award of the Arbitration

2

DECLARATION OF RICHARD S. CONN IN SUPPORT OF DEFENDANT NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS

1    <u>Tribunal shall be in writing and binding on the parties who</u>

2    <u>covenant to carry out the same."</u>

3         3.     In order to determine whether a controversy existed concerning

4    the duty of the parties to submit their dispute to arbitration (and to avoid

5    unnecessary imposition on the court), on May 8, 2008, on behalf of NICO, I sent

6    Lazlo Komjathy Jr., legal counsel for the Commissioner, the letter demanding

7    arbitration, a true and correct copy of which is attached hereto as Exhibit 1.

8         4.     On May 23, 2008, I received the response to my demand, a true

9    and correct copy of which is attached hereto as Exhibit 2. While in his response,

10   Mr. Komjathy does not contest that disputes under the Center Re Agreement and

11   NICO Agreement must be submitted to arbitration, the response rejects any duty on

12   the part of Commissioner to arbitrate the pending controversy, arguing that the

13   Commissioner seeks only to construe Endorsement No. 3. Mr. Komjathy further

14   contends that NICO must seek relief from the liquidation court prior to moving to

15   compel arbitration.

16        5.     In his response, Mr. Komjathy refers to a Liquidation Order

17   previously provided to me as the basis for the alleged exclusive jurisdiction of the

18   liquidation court. A true and correct copy of this order is attached hereto as

19   Exhibit 3.

20        6.     In prior email correspondence, I had directed Mr. Komjathy's

21   attention to the holding in *Quackenbush v. Allstate Ins. Co.*, (9th Cir. 1997) 121 F.3d

22   1372, 1380-81, stating that California insurance law does not preempt the Federal

23   Arbitration Act or eliminate the duty of a liquidator to submit claims like those

24   presented here to arbitration. Mr. Komjathy's letter does not respond to this citation

25   of controlling authority.

26   ///

27   ///

28   ///

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

593915.1            3
**DECLARATION OF RICHARD S. CONN IN SUPPORT OF DEFENDANT NATIONAL INDEMNITY
COMPANY'S MOTION TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**

1         I declare under penalty of perjury under the laws of the United States of

2   America that the foregoing is  true and correct.

3         Executed this 27th day of June, 2008, at Los Angeles, California.

4

5                         s/Richard S. Conn

6                         Richard S. Conn

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

S93915.1

4

**DECLARATION OF RICHARD S. CONN IN  SUPPORT OF DEFENDANT NATIONAL INDEMNITY
COMPANY'S MOTION TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**

1    MUSICK, PEELER & GARRETT LLP
        ATTORNEYS AT LAW
        One Wilshire Boulevard, Suite 2000
2       Los Angeles, California 90017-3383
        TELEPHONE 213-629-7612
3       FACSIMILE (213) 624-1376

4    Susan J. Field (State Bar No. 086200)
     s.field@mpglaw.com
5    Richard S. Conn (State Bar No. 065513)
     r.conn@mpglaw.com
6    Barbora Pulmanova (State Bar No. 234028)
     b.pulmanova@mpglaw.com

7    Attorneys for NATIONAL INDEMNITY COMPANY

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11   STEVE POIZNER, INSURANCE              Case No. 08 CV 772 L (POR)
     COMMISSIONER OF THE STATE
12   OF CALIFORNIA, in his capacity as     Assigned to the Hon. M. James Lorenz
     Liquidator of Frontier Pacific Insurance    Courtroom 14
13   Company,
                                           Complaint Filed: March 17, 2008
14              Plaintiff,
                                           DECLARATION OF JOSEPH
15        vs.                              CASACCIO IN SUPPORT OF
                                           DEFENDANT NATIONAL
16   NATIONAL INDEMNITY                    INDEMNITY COMPANY'S
     COMPANY, a Nebraska corporation;      MOTION TO STAY
17   and DOES 1 through 10,                PROSECUTION OF ACTION
                                           PENDING ARBITRATION OF
18              Defendant.                 CLAIMS

19                                         [NOTICE OF MOTION;
                                           MEMORANDUM OF POINTS AND
20                                         AUTHORITIES; DECLARATION
                                           OF RICHARD S. CONN; AND
21                                         [PROPOSED] ORDER FILED
                                           CONCURRENTLY HEREWITH]
22
                                           DATE:          August 18, 2008
23                                         TIME:          10:30 a.m.
                                           COURTROOM:     14
24

25   ///

26   ///

27   ///

28   ///

593916.1
     DECLARATION OF JOSEPH CASSACIO IN SUPPORT OF DEFENDANT NATIONAL INDEMNITY
     COMPANY'S MOTION TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS

## DECLARATION OF JOSEPH CASACCIO

I, Joseph Casaccio, declare:

1. At all times herein pertinent I was, and now am, Vice President of National Insurance Company ("NICO") defendant herein. As such, the facts set forth herein are known to me personally and if called as a witness I could competently testify thereto.

2. By means of the instant motion, NICO seeks an order staying these proceedings pending arbitration of the controversies framed by the pleadings. The agreements providing for binding arbitration of disputes with Frontier Pacific Insurance Company ("FPIC") are attached to the Complaint of Plaintiff Insurance Commissioner (the "Commissioner) as Exhibits A (the "Center Re Agreement"), C (the "Novation Agreement"), D (the "NICO Agreement"), E (Endorsement 1 to the NICO Agreement) and G ("Endorsement 2 to the NICO Agreement"). True and correct copies of such exhibits are attached hereto for the convenience of the Court as Exhibits 4A, 4C, 4D, 4E and 4G. A true and correct copy of Endorsement No. 3 to the NICO Agreement, Exhibit H to the Comissioner's Complaint, is attached hereto as Exhibit 4H.

3. The Center Re Agreement and the NICO Agreement each provide for reinsurance of risks in multiple states. These contracts thus affect interstate commerce.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13ᵗʰ _____ of June, 2008 at Stamford, Connecticut.

_____
Joseph Casaccio

2

DECLARATION OF JOSEPH CASACCIO IN SUPPORT OF DEFENDANT NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS

Exhibit A, Page 39

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is One Wilshire Boulevard, Suite 2000, Los Angeles, California 90017-3383.

    On June 27, 2008, I served the foregoing document(s) described as **MEMORANDUM OF DEFENDANT NATIONAL INDEMNITY CO. IN AID OF EARLY NEUTRAL EVALUATION CONFERENCE** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**See Attached List**

☒   **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   **BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.** Based upon the Court's order for mandatory e-filing, I provided the documents listed above electronically to the Court's website and thereon to those parties on the Service List maintained by that website by submitting an electronic version of the documents to the Court's website. The documents are deemed filed and served on the date that they were uploaded to the Court's website.

☐   **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. The facsimile machine used complies with Rule 2003 and no error was reported by the machine. Pursuant to Rule 2008(e), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

Executed on June 27, 2008, at Los Angeles, California.

☐   **(State)**     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒   **(Federal)**   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                        s/Kathleen Slevcove
                        Kathleen Slevcove

593604.1

# SERVICE LIST

| | |
|---|---|
| EDMUND G. BROWN, JR.<br>Attorney General of the State of<br>California<br>W. DEAN FREEMAN<br>Supervising Deputy Attorney General<br>DIANE SPENCER SHAW<br>LISA W. CHAO<br>Deputy Attorneys General<br>300 South Spring Street, Suite 1702<br>Los Angeles, California 90013<br><br>Telephone:  (213) 897-2486<br>Fax:  (213) 897-5775 | Attorneys for Plaintiff Steve Poizner,<br>Insurance Commissioner of the State of<br>California in his capacity as Liquidator<br>of Frontier Pacific Insurance Company |
| LAZLO KOMJATHY, JR.<br>Department of Insurance<br>45 Fremont Street, 24th Floor<br>San Francisco, California 94105<br><br>Telephone:  (415) 538-4413 | Attorneys for Plaintiff Steve Poizner,<br>Insurance Commissioner of the State of<br>California in his capacity as Liquidator<br>of Frontier Pacific Insurance Company |

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

593604.1

MEMORANDUM OF DEFENDANT NATIONAL INDEMNITY CO. IN AID OF EARLY NEUTRAL
EVALUATION CONFERENCE