**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
One Wilshire Boulevard, Suite 2000
Los Angeles, California 90017-3383
TELEPHONE 213-629-7612
FACSIMILE (213) 624-1376

Susan J. Field (State Bar No. 086200)
s.field@mpglaw.com
Richard S. Conn (State Bar No. 065513)
r.conn@mpglaw.com
Barbora Pulmanova (State Bar No. 234028)
b.pulmanova@mpglaw.com

Attorneys for NATIONAL INDEMNITY COMPANY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE POIZNER, INSURANCE COMMISSIONER OF THE STATE OF CALIFORNIA, in his capacity as Liquidator of Frontier Pacific Insurance Company,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL INDEMNITY COMPANY, a Nebraska corporation; and DOES 1 through 10,<br><br>Defendant. | Case No. 08 CV 772 L (POR)<br><br>Assigned to the Hon. M. James Lorenz Courtroom 14<br><br>Complaint Filed: March 17, 2008<br><br>**DECLARATION OF RICHARD S. CONN IN SUPPORT OF DEFENDANT NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**<br><br>**[NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOSEPH CASACCIO; AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]**<br><br>**DATE:** **August 18, 2008**<br>**TIME:** **10:30 a.m.**<br>**COURTROOM:** **14** |

///
///
///
///

593915.1

1

## DECLARATION OF RICHARD S. CONN

I, Richard S. Conn, declare:

1. At all times herein pertinent I have been a partner with the firm of Musick, Peeler & Garrett LLP, counsel for defendant National Indemnity Company ("NICO"). As such, the facts set forth herein are known to me personally and if called as a witness I could and would competently testify thereto.

2. On April 29, 2008, I caused the state court action filed by Steve Poizner, Insurance Commissioner of the State of California (the "Commissioner"), as Liquidator for Frontier Pacific Insurance Company ("FPIC") against NICO to be removed to this court, on grounds of diversity. Following the removal, and filing of the Answer to Complaint by NICO, my review of the pleadings convinced me that the controversies reflected by the Complaint and Answer to Complaint were subject to binding arbitration pursuant to the following provisions of the Center Re Agreement and the NICO Agreement:

> "Any dispute arising out of the interpretation, performance or breach of [the NICO] Agreement ... shall be submitted for decision to a panel of three arbitrators. *** The panel shall render its decision within sixty (60) days following the termination of hearings, which decision shall be in writing, stating the reasons thereof. Judgment upon the award may be entered in any court having jurisdiction thereof."

> *   *   *

> "All matters in difference between the Reinsured and the Reinsurer ... in relation to [the NICO Policy], including its formation and validity, and whether arising during or after the period of this reinsurance, shall be referred to an Arbitration Tribunal ... *** The award of the Arbitration

1     <u>Tribunal shall be in writing and binding on the parties who</u>

2     <u>covenant to carry out the same."</u>

3          3.     In order to determine whether a controversy existed concerning

4     the duty of the parties to submit their dispute to arbitration (and to avoid

5     unnecessary imposition on the court), on May 8, 2008, on behalf of NICO, I sent

6     Lazlo Komjathy Jr., legal counsel for the Commissioner, the letter demanding

7     arbitration, a true and correct copy of which is attached hereto as Exhibit 1.

8          4.     On May 23, 2008, I received the response to my demand, a true

9     and correct copy of which is attached hereto as Exhibit 2.  While in his response,

10    Mr. Komjathy does not contest that disputes under the Center Re Agreement and

11    NICO Agreement must be submitted to arbitration, the response rejects any duty on

12    the part of Commissioner to arbitrate the pending controversy, arguing that the

13    Commissioner seeks only to construe Endorsement No. 3.  Mr. Komjathy further

14    contends that NICO must seek relief from the liquidation court prior to moving to

15    compel arbitration.

16         5.     In his response, Mr. Komjathy refers to a Liquidation Order

17    previously provided to me as the basis for the alleged exclusive jurisdiction of the

18    liquidation court.  A true and correct copy of this order is attached hereto as

19    Exhibit 3.

20         6.     In prior email correspondence, I had directed Mr. Komjathy's

21    attention to the holding in *Quackenbush v. Allstate Ins. Co.*, (9th Cir. 1997) 121 F.3d

22    1372, 1380-81, stating that California insurance law does not preempt the Federal

23    Arbitration Act or eliminate the duty of a liquidator to submit claims like those

24    presented here to arbitration.  Mr. Komjathy's letter does not respond to this citation

25    of controlling authority.

26    ///

27    ///

28    ///

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

593915.1                                                3

**DECLARATION OF RICHARD S. CONN IN SUPPORT OF DEFENDANT NATIONAL INDEMNITY
COMPANY'S MOTION TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**

1         I declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is  true and correct.

3         Executed this 27th day of June, 2008, at Los Angeles, California.

4

5                      s/Richard S. Conn

6                      Richard S. Conn

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

593915.1

4

**DECLARATION OF RICHARD S. CONN IN  SUPPORT OF DEFENDANT NATIONAL INDEMNITY
COMPANY'S MOTION TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS OF EXHIBITS</u>
## <u>TO DECLARATION OF RICHARD S. CONN</u>

<u>Pages</u>

**Exhibit 1** - May 8, 2008 letter to Lazlo Komjathy from Richard S. Conn........ 6-8

**Exhibit 2** - May 23, 2008 Letter from Lazlo Komjathy to Richard S. Conn.....9-11

**Exhibit 3 -** Liquidation Order ........................................................................12-20

**DECLARATION OF RICHARD S. CONN IN SUPPORT OF DEFENDANT NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**

# EXHIBIT 1

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

RICHARD S. CONN
r.conn@mpglaw.com
(213) 629-7812

ONE WILSHIRE BOULEVARD, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383

TELEPHONE: (213) 629-7600
FACSIMILE: (213) 624-1376
WWW.MUSICKPEELER.COM

LOS ANGELES
ORANGE COUNTY
SAN DIEGO
SAN FRANCISCO
SANTA BARBARA
WESTLAKE VILLAGE

FILE NO. 12948.013

May 8, 2008

**VIA CERITIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Lazlo Komjathy, Jr.
Department of Insurance
45 Fremont Street, 24th Floor
San Francisco, California 94105

Re:    Demand For Arbitration Of Controversies Alleged In Complaint For Declaratory
       Relief Against National Indemnity Company

Dear Mr. Komjathy, Jr.:

          As you may be aware, our firm represents National Indemnity Company
("NICO") relative to the Complaint for Declaratory Relief (the "Complaint") filed on behalf of
Steve Poizner, Insurance Commissioner of the State of California, in his capacity as liquidator of
Frontier Pacific Insurance Company ("FPIC"). The Complaint, as well as the Answer thereto,
evidence a "dispute arising out of the interpretation, performance or breach" of the reinsurance
agreements to which NICO is a party by virtue of the Novation Agreement effective July 1, 2000
(Exhibits A, B and C to the Complaint), as well as "matters in difference between the Reinsured
and the Reinsurer" relating to the Aggregate Reinsurance Agreement effective July 1, 2000 and
Endorsement No. 1 thereto (Exhibits D and E to the Complaint). As such, NICO and FPIC have
agreed to submit such controversies to binding arbitration in New York, New York pursuant to
the laws of the State of New York.

          Demand is hereby made that Mr. Poizner submit the controversies described in
the Complaint and the Answer to binding arbitration as required by law, including the Federal
Arbitration Act, 9 U.S.C §1-16, and stipulate that proceedings to adjudicate the Complaint be
stayed pending the outcome of such arbitration or further order of the United States District
Court for the Southern District of California (the "Court").

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

Lazlo Komjathy, Jr.
May 8, 2008
Page 2


      Mr. Poizner's failure to respond affirmatively to this letter within ten days of the date hereof will leave NICO no alternative but to move the Court for an order staying prosecution of the Complaint and compelling arbitration of the controversies addressed thereby.

      We look forward to hearing from you.

              Very truly yours,

              Richard S. Conn
              for MUSICK, PEELER & GARRETT LLP

RSC:kws


cc:    E. W. Blanch Co.
       Reinsurance Services
       3500 West 80th Street
       Minneapolis, Minnesota 55431

       Frontier Insurance Company
       Attention: President
       195 Lake Louise Marie Road
       Rock Hill, New York 12775

886049.1

# EXHIBIT 2

STATE OF CALIFORNIA                                                    Steve Poizner, *Insurance Commissioner*

## DEPARTMENT OF INSURANCE
**Legal Division, Corporate Affairs Bureau**
45 Fremont Street, 24th Floor
San Francisco, CA 94105

Laszlo Komjathy, Jr.
Staff Counsel IV
TEL  415-538-4413
FAX  415-904-5896
E-Mail  komjathyl@insurance.ca.gov
www.insurance.ca.gov

RECEIVED

MAY 2 7 2008

R. CONN



May 23, 2008

### VIA PDF and US MAIL

Richard S. Conn
Musick, Peeler & Garrett LLP
One Wilshire Blvd., Suite 2000
Los Angeles, CA 900117-3383

SUBJECT:     *Frontier Pacific Insurance Company v. National Indemnity Company*

Dear Mr. Conn:

The following is in response to your letter of May 8, 2008.

I disagree with your initial assertion that the complaint is a "dispute arising of the interpretation, performance or breach" of the reinsurance agreement which would cause the invocation of the arbitration clause found in the original reinsurance agreement that was novated.   Contrary to your assertion, the complaint is not seeking the interpretation, performance or breach of the novated contract between Frontier Pacific Insurance Company ("FPIC") and National Indemnity Company ("NICO").  FPIC is seeking a judicial determination of the legal effect of Endorsement No. 3 entered into by NICO and Frontier Insurance Company ("Frontier") and to which FPIC is not a party wherein your client (1) paid Frontier $45 million, (2) released Frontier from repayment of a $140 million loan from NICO to Frontier given pursuant to Endorsement No. 2 to which FPIC also was not a party, and (3) released Frontier of its obligation to pay NICO $40 million in premium for the reinsurance benefits and proceeds that Frontier received and continues to receive under its reinsurance agreements with NICO.

As the complaint clearly demonstrates, FPIC is only seeking a judicial determination that FPIC is not bound by obligations that Frontier and NICO attempt to impose upon FPIC pursuant to Endorsement No. 3, that Endorsement No. 3 was and is an accord and satisfaction of any obligation owed by either FPIC or Frontier to NICO for any shortfall in premiums due NICO to fund the Centre Re Funds Held balance due at December 31, 2003, and that NICO's attempts to set-off monies that it owes to FPIC against monies that were due to it from Frontier violates Insurance Code section 1031.  Consequently, there is no basis to have the action stayed and the matter arbitrated.

FPIC never consented nor agreed to arbitrate the meaning of an agreement between Frontier and NICO and to which FPIC is not a party.  The liquidator will not consent to arbitrate before a

Conn Decl.
Ex. 2, Page 10

Richard S. Conn
May 23, 2008
Page 2

panel of insurance executives regarding the legal effects of an agreement that discharges Frontier from paying $40 million in liability that it incurred and that NICO released it from.

The arbitration clause cannot be extended to arbitrate the effects of an agreement entered into between NICO and Frontier and to which FPIC admittedly was not a party to. The Liquidator will vigorously oppose any attempt by NICO to stay the proceeding and seek to have the legal effect of Endorsement No. 3 arbitrated.

Finally, NICO must seek relief from the liquidation order and the injunction contained therein if it seeks to demand that the Liquidator submit the matter to binding arbitration; a copy of the liquidation order was previously provided to you.

Sincerely,

Laszlo Komjathy, Jr.
Staff Counsel IV

lkj:LK

cc:    Diane Shaw
       Lisa Chao
       Willard Roberts

# EXHIBIT 3

F I L E D
STEPHEN THUNBERG
Clerk of the Superior Court

NOV 3 0 2001

By: K SANDOVAL, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| **INSURANCE COMMISSIONER OF THE STATE OF CALIFORNIA,** | Case No.  GIC 774028 |
| Applicant, | **ORDER APPOINTING COMMISSIONER AS LIQUIDATOR AND RESTRAINING ORDERS** |
| v. | |
| **FRONTIER PACIFIC INSURANCE COMPANY, a California corporation,** | Judge:   Ronald S. Prager |
| Respondent. | |

On November 30, 2001, the verified Application for Order Appointing Liquidator of applicant Insurance Commissioner of the State of California ("Commissioner") over respondent Frontier Pacific Insurance Company ("Respondent") came on regularly for hearing in Department 69 of the San Diego County Superior Court.

**GOOD CAUSE APPEARING FROM THE COMMISSIONER'S VERIFIED APPLICATION, THIS COURT MAKES THE FOLLOWING FINDINGS:**

1.   Respondent is insolvent.

2.   It would be futile for the Commissioner to continue to proceed as Conservator of Respondent.

1

[PROPOSED] ORDER APPOINTING COMMISSIONER AS LIQUIDATOR AND RESTRAINING ORDERS

3.    There exist sufficient factual and legal grounds for the Commissioner to liquidate and wind up the business of Respondent in a manner consistent with the provisions of this Order.

**WHEREFORE, GOOD CAUSE APPEARING, THIS COURT MAKES THE FOLLOWING ORDERS:**

1.    The Commissioner's status as Conservator is terminated, and he is appointed as Liquidator of Respondent, as set forth in Insurance Code section 1016, and directed as Liquidator to liquidate and wind up the business of Respondent and to act in all ways and exercise all powers necessary for the purpose of carrying out such order.

2.    The Commissioner as Liquidator is authorized to take possession of all the assets of Respondent including books, records and property, both real and personal, wheresoever situated.

3.    The Commissioner as Liquidator or his successor in office is vested with title to all said property and assets of Respondent, both those presently in Respondent's possession and those which may be discovered hereafter, wheresoever situated.  All persons are enjoined from interfering with the Commissioner's possession and title thereto.

4.    The Commissioner as Liquidator is authorized to pay for his costs in bringing and maintaining this action, and such other actions as are necessary to carry out his functions as Liquidator, out of the funds and assets of Respondent; and if there are insufficient funds, to pay for his costs out of the Insurance Fund, pursuant to Insurance Code section 1035.

5.    The Commissioner as Liquidator is authorized to initiate such equitable or legal actions or proceedings in this or other states as may appear to him necessary to carry out his functions as Liquidator.

6.    The Commissioner as Liquidator is authorized to appoint and employ special deputies, estate managers, other professionals, clerks and assistants and to give each of them such power and authority as he may deem necessary, and the Commissioner as Liquidator is authorized to compensate these persons from the assets of Respondent as he may deem appropriate.

///

2

[PROPOSED] ORDER APPOINTING COMMISSIONER AS LIQUIDATOR AND RESTRAINING ORDERS

7.    The Commissioner as Liquidator is authorized to divert, take possession of and secure all mail of Respondent, in order to screen such mail, and to effect a change in the rights to use any and all post office boxes and other mail collection facilities used by Respondent.

8.    The Commissioner as Liquidator is authorized to pay all reasonable costs of operating Respondent (including direct and allocated direct costs, direct and allocated general and administrative costs and overhead, and other allocated costs) out of funds and assets of Respondent; and if there are insufficient funds, to pay for his costs out of the Insurance Fund, pursuant to Insurance Code section 1035.

9.    The Commissioner as Liquidator  is authorized to invest Respondent's assets in such a manner as to him may seem suitable for the best interest of Respondent's creditors which funds are not immediately distributable to Respondent's creditors.  However, no investment or reinvestment shall be made which exceeds the sum of $100,000 without first obtaining permission of this Court.

10.    The Commissioner as Liquidator is authorized, pursuant to Insurance Code section 1037, subsection (g), to invest and reinvest all assets in a manner he deems to be in the best interest of the creditors of the estate, including investing and reinvesting assets through an investment pool consisting exclusively of assets from conserved estates.  To the extent that the Commissioner as Liquidator invests and reinvests through such an investment pool, such investments and re-investments may exceed $100,000.

11.    The Commissioner as Liquidator is authorized to pay as expenses of administration all expenses heretofore incurred by the Commissioner as Conservator which are presently unpaid, and the Commissioner as Liquidator is authorized to pay, upon presentation, the full amount of any checks or drafts which have been issued by him, in his capacity as Conservator, and which are outstanding.

12.    The Commissioner as Liquidator is authorized, pursuant to Insurance Code section 1037, subsection (d), to dispose of any excess property of Respondent by any commercially reasonable method, including, but not limited to, sales at public auctions, sales in

///

[PROPOSED] ORDER APPOINTING COMMISSIONER AS LIQUIDATOR AND RESTRAINING ORDERS

1  bulk to the high bidder (provided at least three (3) bids are obtained from independent dealers in

2  the kind of property sold).

3      13.    The Commissioner as Liquidator is authorized to assume or reject, or to modify,

4  any executory contracts, including without limitation, any lease, rental or utilization contract or

5  agreement (including any schedule to any such contract or agreement), and any license or other

6  arrangement for the use of computer software of business information systems, to which

7  Respondent is a party or as to which Respondent agrees to accept an assignment of such contract;

8  the Commissioner as Liquidator is directed to effect any such assumption or rejection or

9  modification of any executory contract not later than within 120 days after the entry of this order,

10  unless such date is extended by application to and further order of this Court; all executory

11  contracts that are not expressly assumed by the Commissioner as Liquidator shall be deemed

12  rejected; any party to a contract that is rejected by the Commissioner as Liquidator pursuant to

13  this order shall be permitted to file a proof of claim against the liquidation estate, which claim

14  shall be treated in accordance with Insurance Code section 1010, *et seq.*

15      14.    Respondent and all former and present officers, directors, agents, and employees

16  of Respondent are directed to deliver to the Commissioner as Liquidator all assets, books,

17  records, equipment, and other property of the Respondent wheresoever situated.

18      15.    All funds and assets, including certificates of deposit, bank deposits and mutual

19  fund shares, of Respondent, in various financial depository institutions, including banks, savings

20  and loan associations, industrial loan companies, mutual funds or stock brokerages, wheresoever

21  situated, are directed to be vested in the Commissioner as Liquidator and subject to withdrawal

22  upon his order only.

23      16.    All persons who maintain records for Respondent are directed, pursuant to written

24  contract or any other agreement, to maintain such records and to deliver them to the

25  Commissioner as Liquidator upon his request.

26      17.    All agents of Respondent and all brokers who have done business with

27  Respondent are directed to make remittances of all funds collected by them or in their hands

28

4

[PROPOSED] ORDER APPOINTING COMMISSIONER AS LIQUIDATOR AND RESTRAINING ORDERS

1  directly to the Commissioner as Liquidator. This obligation to remit collected funds is
2  continuing in nature.

3      18.     All persons having possession of any lists of policyholders or escrow holders of
4  Respondent are directed to deliver all such lists to the Commissioner as Liquidator. All persons
5  are enjoined from using any such lists or any information contained therein without the consent
6  of the Commissioner as Liquidator.

7      19.     Respondent and its respective officers, directors, agents, servants, employees,
8  successors, assigns, affiliates, and other persons or entities under their control and all persons or
9  entities in active concert or participation with them, and each of them, are directed to turn over to
10 the Commissioner as Liquidator records, documentation, charts and/or descriptive material of all
11 funds, assets, property (owned beneficially or otherwise), and all other assets of Respondent
12 wherever situated, and all books and records of accounts, title documents and other documents in
13 their possession or under their control, which relate, directly or indirectly, to assets or property
14 owned by or held by Respondent or to  the business or operations of Respondent.

15     20.     All insurance policies issued by Respondent, not including bail bonds, shall be
16 terminated and canceled effective thirty (30) days following the issuance of the order herein
17 prayed for, and the Commissioner as Liquidator shall notify promptly all policyholders of such
18 policy termination and cancellation by First Class Mail at the last known address of the
19 policyholders; in addition, the Commissioner as Liquidator, in his sole discretion, is authorized
20 to terminate and cancel any policies issued by Respondent that are not covered by the preceding
21 sentence.

22     21.     All prior injunctions and other orders of this Court, except to the extent expressly
23 modified herein, are reaffirmed and remain in full force and effect; all powers and authority
24 granted to the Commissioner as Liquidator under this order are in addition to and not in
25 limitation of the powers of the Commissioner as Liquidator under the Insurance Code and any
26 other statutory or applicable case law.

27 ///
28 ///

5

[PROPOSED] ORDER APPOINTING COMMISSIONER AS LIQUIDATOR AND RESTRAINING ORDERS

22.    The rights and liabilities of claimants, creditors, shareholders, policyholders, escrow holders and all other persons interested in the assets of Respondent, including the State of California, are fixed as of the date of the entry of this order.

23.    All funds and accounts in the name of Respondent, or the Commissioner as Conservator, in various banks or any other institutions wheresoever situated is vested in the Commissioner as Liquidator and subject to withdrawal at his direction only.  This order does not convert funds held in a fiduciary capacity to general assets of the Liquidator.

24.    All persons are enjoined, except with leave of this Court issued after a hearing in which the Commissioner as Liquidator has received reasonable notice, from obtaining preferences, judgments, attachments or other liens, or making any levy against Respondent or its assets or property, and from executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, levy, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or assets owned or in the possession of Respondent or its affiliates, or the Liquidator appointed herein, wheresoever situated and from doing any act interfering with the conduct of said business by the Commissioner as Liquidator.

25.    All persons are enjoined, except by leave of this Court obtained after reasonable notice to the Commissioner as Liquidator, from accelerating the due date of any obligation or claimed obligation; exercising any right of set-off; taking, retaining, retaking or attempting to retake possession of any real or personal property; withholding or diverting any rent or other obligation; doing any act or other thing whatsoever to interfere with the possession of or management by the Commissioner as Liquidator and of the property and assets, owned or controlled by Respondent or in the possession of Respondent or to in any way interfere with said Commissioner as Liquidator or to interfere in any manner during the pendency of this proceeding with the exclusive jurisdiction of this Court over Respondent.

26.    Respondent, its officers, directors, governors, agents, and employees are enjoined from transacting any of the business of Respondent, whether in the State of California or

6

[PROPOSED] ORDER APPOINTING COMMISSIONER AS LIQUIDATOR AND RESTRAINING ORDERS

1    elsewhere, or from disposing of, or assisting any person in the transfer or alienation of, the

2    property or assets of Respondent, until further order of this Court.

3         27.    All persons are enjoined from instituting, prosecuting or maintaining any action at

4    law or suit in equity, including but not limited to actions or proceedings to compel discovery or

5    production of documents or testimony and matters in arbitration, against Respondent or against

6    the Commissioner as Liquidator of Respondent, and from attaching, executing foreclosure upon,

7    redeeming of or taking any other legal proceedings against, any of the property or assets of

8    Respondent, and from doing any act interfering with the conduct of said business by the

9    Commissioner as Liquidator, except upon order from this Court obtained after reasonable notice

10   to the Commissioner as Liquidator.

11        28.    Any and all provisions of any agreement entered into by and between any third

12   party and Respondent including, by way of illustration, but not limited to, the following types of

13   agreements (as well as any amendments, assignments, or modifications thereto): financial

14   guarantee bonds, promissory notes, loan agreements, security agreements, deeds of trust,

15   mortgages, indemnification agreements, subrogation agreements, subordination agreements,

16   pledge agreements, assignments of rents or other collateral, financial statements, letters of credit,

17   leases, insurance policies, guaranties, escrow agreements, management agreements, real estate

18   brokerage and rental agreements, servicing agreements, attorney agreements, consulting

19   agreements, easement agreements, license agreements, franchise agreements, or employment

20   contracts that provide in any manner that selection, appointment or retention of a conservator, or

21   liquidator or trustee by any court, or entry of an order such as hereby made, shall be deemed to

22   be or otherwise operate as a breach, violation, event of default, termination, event of dissolution,

23   event of acceleration, insolvency, bankruptcy, or liquidation, shall be stayed, and the assertion of

24   any and all rights, remedies relating thereto shall also be stayed and barred, except as otherwise

25   ordered by this Court, and this Court shall retain jurisdiction over any cause of action that has

26   arisen or may otherwise arise under any such provision.

27        29.    All persons are enjoined from interfering with the possession, title and rights of

28   the Commissioner as Liquidator, in and to the assets of Respondent, and from interfering with

1   the conduct of the Commissioner as Liquidator in the handling and disposition of assets of

2   Respondent, and from interfering with the conduct of the liquidation and the winding up of the

3   business of Respondent, except upon order of this Court obtained after reasonable notice to the

4   Commissioner as Liquidator.

5       30.    All persons are enjoined from waste of assets of Respondent.

6       31.    Any and all claims against Respondent (except those policyholder claims already

7   pending against Respondent, which are deemed filed), including those which in any way affect or

8   seek to affect any of the assets of Respondent, wherever or however such assets may be owned or

9   held, must be filed by no later than August 30, 2002 (the "Claims Bar Date"), together with

10  proper proof thereof, in accordance with the provisions of Insurance Code sections 1010, *et seq.*,

11  including, but not limited to section 1023, and any claim not filed by the Claims Bar Date is

12  conclusively deemed forever waived.

13

14  DATED:    **NOV 3 0 2001**____, 2001

RONALD S. PRAGER

15  _____
HONORABLE RONALD S. PRAGER
16  Judge of the Superior Court

17  **Submitted by:**

18  BILL LOCKYER
Attorney General of the State of California
19

20  By: _____

21      GREGORY S. PRICE
Deputy Attorney General

22      Attorneys for Applicant, Insurance Commissioner
of the State of California
23

The foregoing instrument is a full, true and correct
copy of the original on file in this office.

24  Attest: *December 3, 2001*

25  STEPHEN THUNBERG
Clerk of the Superior Court of the State of California,
in and for the County of San Diego.
26
By: _____ Deputy

27

28

8

[PROPOSED] ORDER APPOINTING COMMISSIONER AS LIQUIDATOR AND RESTRAINING ORDERS

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is One Wilshire Boulevard, Suite 2000, Los Angeles, California 90017-3383.

On June 27, 2008, I served the foregoing document(s) described as **DECLARATION OF RICHARD S. CONN IN SUPPORT OF DEFENDANT NATIONAL INDEMNITY COMPANY'S MOTION TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**See Attached List**

☒ **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.** Based upon the Court's order for mandatory e-filing, I provided the documents listed above electronically to the Court's website and thereon to those parties on the Service List maintained by that website by submitting an electronic version of the documents to the Court's website. The documents are deemed filed and served on the date that they were uploaded to the Court's website.

☐ **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. The facsimile machine used complies with Rule 2003 and no error was reported by the machine. Pursuant to Rule 2008(e), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

Executed on June 27, 2008, at Los Angeles, California.

☐ **(State)**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(Federal)**    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

s/Kathleen Slevcove
Kathleen Slevcove

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

593915.1

Page 21

**SERVICE LIST**

1

2  EDMUND G. BROWN, JR.              Attorneys for Plaintiff Steve Poizner,
     Attorney General of the State of   Insurance Commissioner of the State of
3  California                         California in his capacity as Liquidator
   W. DEAN FREEMAN                    of Frontier Pacific Insurance Company
4    Supervising Deputy Attorney General
   DIANE SPENCER SHAW
5  LISA W. CHAO
     Deputy Attorneys General
6  300 South Spring Street, Suite 1702
   Los Angeles, California 90013
7
   Telephone:  (213) 897-2486
8  Fax:  (213) 897-5775

9  LAZLO KOMJATHY, JR.               Attorneys for Plaintiff Steve Poizner,
   Department of Insurance            Insurance Commissioner of the State of
10 45 Fremont Street, 24th Floor     California in his capacity as Liquidator
   San Francisco, California 94105    of Frontier Pacific Insurance Company
11
   Telephone:  (415) 538-4413
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

593915.1                                                    Page 22