1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  W. DEAN FREEMAN
   Supervising Deputy Attorney General
3  FELIX E. LEATHERWOOD
   Supervising Deputy Attorney General
4  DIANE SPENCER SHAW, State Bar No. 073970
   Deputy Attorney General
5  LISA W. CHAO, State Bar No. 198536
   Deputy Attorney General
6      300 South Spring Street, Room 1702
       Los Angeles, California  90013
7      Telephone:  (213) 897-2486
       Fax:  (213) 897-5775
8
   LASZLO KOMJATHY, JR., State Bar No. 099861
9  California Department of Insurance
       45 Fremont Street, 24th Floor
10     San Francisco, CA 94105
       Telephone:  (415) 538-4413
11     Fax:  (415) 904-5896

12 Attorneys for Plaintiff Steve Poizner, Insurance Commissioner
   of the State of California, in his capacity as the Liquidator of
13 Frontier Pacific Insurance Company

14
                    UNITED STATES DISTRICT COURT
15
                  SOUTHERN DISTRICT OF CALIFORNIA
16

17
   STEVE POIZNER, INSURANCE              CASE NO.  08 CV 772 L (POR)
18 COMMISSIONER OF THE STATE OF
   CALIFORNIA, in his capacity as the
19 Liquidator of Frontier Pacific Insurance    DECLARATION OF WILLARD
   Company,                                ROBERTS IN SUPPORT OF
20                                          PLAINTIFF'S OPPOSITION TO
                    Plaintiff,             DEFENDANT'S MOTION TO STAY
21                                          PROSECUTION OF ACTION
          v.                                PENDING ARBITRATION OF
22                                          CLAIMS
   NATIONAL INDEMNITY COMPANY, a
23 Nebraska corporation; and DOES 1 through
   10,
24                                          Hearing Date:  August 18, 2008
                    Defendants.            Time:          10:30 a.m.
25                                          Courtroom:     14
                                           Judge:         Hon. M. James Lorenz
26

27

28

I, Willard Roberts, declare:

1.      I am employed as an Estate Trust Officer of the Insurance Commissioner of the State of California's Conservation & Liquidation Office ("CLO").  I make this declaration in support of the Opposition of Plaintiff Steve Poizner, Insurance Commissioner of the State of California (the "Commissioner"), in his capacity as the liquidator of Frontier Pacific Insurance Company ("FPIC"), to the Motion of Defendant National Indemnity Company ("NICO") to Stay Prosecution of Action Pending Arbitration.  I know the following of my own knowledge and could and would competently testify thereto if called upon to do so.

2.      I have served as the ETO of the FPIC estate since the March 2003 and am familiar with the documents and records regarding FPIC maintained by the Commissioner since he was appointed as FPIC's liquidator in 2001.

3.      As the ETO for FPIC, I have primary responsibility for the overall administration of the FPIC conservation and liquidation estate, including but not limited to, matters pertaining to FPIC's financial reporting, claim administration, legal matters, reinsurance contracts and estate expenditures.

4.      I am also familiar with the CLO policies and practices regarding the maintenance of business records of insurers for which the Commissioner is appointed as conservator or liquidator and I have personal knowledge of the manner in which FPIC's business records have been maintained since the Commissioner was appointed as conservator in 2001.  I am also responsible for the overall custody and control of the books and records maintained by FPIC prior to conservation and liquidation.  I have reviewed the CLO's files for FPIC in preparation of this declaration.

5.      FPIC was a California domestic insurance company that transacted insurance in California and other states.  It was a wholly owned subsidiary of Frontier, a New York insurance company.

6.      FPIC's financial difficulties arose after its parent, Frontier, was placed into rehabilitation in the State of New York and FPIC could no longer collect the $12.8 million owed by Frontier to FPIC as its reinsurer.  As a result of Frontier's rehabilitation, FPIC was declared

- 2 -

1    insolvent and conserved by the Commissioner on September 7, 2001.

2          7.        On November 30, 2001, FPIC was placed into liquidation upon the order the

3    California Superior Court for the County of San Diego, in the matter entitled *Insurance*

4    *Commissioner v. Frontier Pacific Insurance Company*, Case No. GIC 774028, and the

5    Commissioner was appointed as the liquidator pursuant to California Insurance Code section

6    1010, et seq.  A true and correct copy of the Order Appointing Commissioner As liquidator and

7    Restraining Orders is attached hereto as Exhibit A and incorporated herein by this reference.

8          8.        The Commissioner has been diligently marshaling FPIC's assets and winding up

9    its operations.  The Commissioner's ability to marshal assets has been thwarted by the extensive

10   commingling of the Frontier and FPIC accounts, their book of business and the reinsurance

11   agreements. Reinsurance is normally the largest asset of an insolvent insurer.  The Commissioner

12   as liquidator has the responsibility to continue to collect reinsurance recoverables and disburse

13   such funds primarily to the California Insurance Guarantee Association ("CIGA") to pay

14   policyholder claims made against FPIC.  As of this year, the Commissioner has completed most

15   aspects of the FPIC's insolvency proceeding, including the resolution of almost all of the claims

16   and collection of a substantial portion of FPIC's assets.  A significant matter that prevents the

17   Commissioner from closing the estate and distributing assets to claimants is the collection of

18   reinsured losses of the estate including over an estimated $28 million ultimately owed by NICO.

19         9.        Prior to its liquidation, FPIC and Frontier entered into three reinsurance

20   agreements with NICO as their reinsurer.  NICO assumed two of the agreements pursuant to a

21   Novation Agreement, and entered into a third agreement directly with FPIC and Frontier.

22         10.       FPIC and its parent, Frontier, were each the reinsured under the Coinsured

23   Aggregate Excess Loss Reinsurance Agreement effective January 1, 1995, and the Aggregate

24   Excess Loss Reinsurance Agreement effective January 1, 1998 (collective "Centre Re

25   Agreements") with Centre Reinsurance Company of New York and its successor Zurich

26   Reinsurance (North America), Inc. ("Zurich Re").

27         11.       The Centre Re Agreements allowed FPIC and Frontier to withhold all of the

28   insurance premiums due the reinsurers in a funds held account less the reinsurers' margins of 8%

- 3 -

and 8.75% ("Centre Re Funds Held"), respectively, so that FPIC and Frontier can reimburse themselves for reinsured losses.

12.    On or about December 21, 2000, with FPIC and Frontier's consent NICO entered into a Novation Agreement with Zurich Re which substituted NICO as the reinsurer for FPIC and Frontier.  In consideration for assuming all of Zurich Re's obligations and liabilities under the Centre Re Agreements, NICO received $68,200,000 from Zurich Re.

13.    Just prior to the Novation Agreement, on September 27, 2000, NICO and Frontier entered into an Aggregate Reinsurance Agreement, effective date of July 1, 2000 (the "NICO Agreement").  On January 5, 2001, the NICO Agreement was amended by Endorsement No. 1 to add FPIC as an additional reinsured.  FPIC paid NICO a $21 million premium in consideration of NICO's agreement to pay on behalf of Frontier and FPIC up to $858,554,275 with NICO's liability to FPIC limited to a maximum of $47,089,799 for all covered losses.

14.    Throughout FPIC's liquidation, the Commissioner worked with Frontier and NICO to reconcile loss data, and report and collect on reinsurance recoverables.  This was necessary since all of the accounts and records were commingled and in the possession of Frontier at its principal office located in New York.

15.    On or about January 7, 2005, the Commissioner submitted a billing to NICO for payment of FPIC's claims under the NICO Agreement.  Subsequently, during the course of meetings held June 22 through June 24, 2005 at Frontier's office in New York with Frontier representative Neal Conolly in attendance and Joe Casaccio of NICO, it was agreed that the Commissioner would await the Rehabilitation Court's approval of Endorsement No. 3 before re-billing NICO for FPIC's losses.  Neal Conolly, the designated agent of Frontier represented to Dick Oshita and I that once Endorsement No. 3 was approved by the Rehabilitation Court, FPIC would be able to collect the reinsurance receivables due from NICO.

16.    On or about September 20, 2005, after receipt of the order approving Endorsement No. 3, Frontier submitted FPIC's reinsurance losses in the principal amount of $4,883,090 to NICO for payment.

17.    NICO, however, refused to pay based on the terms of Endorsement No. 3.  NICO

- 4 -

1  claimed that under Paragraph 9 of Endorsement No. 3, only Frontier can make the unilateral

2  decision on whether to release FPIC from such liability. Most recently, during a telephone

3  conversation on April 8, 2008 with Joe Casaccio of NICO, he again asserted that Endorsement

4  No. 3 only discharged Frontier's liability, and unless Frontier instructs otherwise, FPIC was now

5  liable for the $40 million in liability incurred by Frontier which NICO forgave as to Frontier.

6      18.    On April 18, 2008 in response to the Commissioner's prior request that Frontier

7  instruct NICO pursuant to Paragraph 9 of Endorsement No. 3 that FPIC is released, Al Escobar,

8  Chief Executive Officer of Frontier Insurance Company In Rehabilitation proposed that Frontier

9  would instruct NICO that FPIC is released from the $40 million Frontier Withheld balance which

10  would allow NICO to pay a $4.9 million billing immediately with NICO commuting with FPIC

11  for about $6 million on the condition that all inter company balances between Frontier and FPIC

12  including the $19 million owed by Frontier to FPIC be waived.

13      I declare under the penalty of perjury under the laws of the state of California that the

14  foregoing is true and correct. Executed this 4th day of August, 2008.

16

17  Willard Roberts

- 5 -

EXHIBIT A

F I L E D
STEPHEN THUNBERG
Clerk of the Superior Court

NOV 3 0 2001

By: K SANDOVAL, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| **INSURANCE COMMISSIONER OF THE STATE OF CALIFORNIA,** | Case No.  GIC 774028 |
| Applicant, | **ORDER APPOINTING COMMISSIONER AS LIQUIDATOR AND RESTRAINING ORDERS** |
| v. | |
| **FRONTIER PACIFIC INSURANCE COMPANY, a California corporation,** | Judge:    Ronald S. Prager |
| Respondent. | |

On November 30, 2001, the verified Application for Order Appointing Liquidator of applicant Insurance Commissioner of the State of California ("Commissioner") over respondent Frontier Pacific Insurance Company ("Respondent") came on regularly for hearing in Department 69 of the San Diego County Superior Court.

**GOOD CAUSE APPEARING FROM THE COMMISSIONER'S VERIFIED APPLICATION, THIS COURT MAKES THE FOLLOWING FINDINGS:**

1.    Respondent is insolvent.

2.    It would be futile for the Commissioner to continue to proceed as Conservator of Respondent.

1

[PROPOSED] ORDER APPOINTING COMMISSIONER AS LIQUIDATOR AND RESTRAINING ORDERS

EXHIBIT A
6

3.    There exist sufficient factual and legal grounds for the Commissioner to liquidate and wind up the business of Respondent in a manner consistent with the provisions of this Order.

**WHEREFORE, GOOD CAUSE APPEARING, THIS COURT MAKES THE FOLLOWING ORDERS:**

1.    The Commissioner's status as Conservator is terminated, and he is appointed as Liquidator of Respondent, as set forth in Insurance Code section 1016, and directed as Liquidator to liquidate and wind up the business of Respondent and to act in all ways and exercise all powers necessary for the purpose of carrying out such order.

2.    The Commissioner as Liquidator is authorized to take possession of all the assets of Respondent including books, records and property, both real and personal, wheresoever situated.

3.    The Commissioner as Liquidator or his successor in office is vested with title to all said property and assets of Respondent, both those presently in Respondent's possession and those which may be discovered hereafter, wheresoever situated.  All persons are enjoined from interfering with the Commissioner's possession and title thereto.

4.    The Commissioner as Liquidator is authorized to pay for his costs in bringing and maintaining this action, and such other actions as are necessary to carry out his functions as Liquidator, out of the funds and assets of Respondent; and if there are insufficient funds, to pay for his costs out of the Insurance Fund, pursuant to Insurance Code section 1035.

5.    The Commissioner as Liquidator is authorized to initiate such equitable or legal actions or proceedings in this or other states as may appear to him necessary to carry out his functions as Liquidator.

6.    The Commissioner as Liquidator is authorized to appoint and employ special deputies, estate managers, other professionals, clerks and assistants and to give each of them such power and authority as he may deem necessary, and the Commissioner as Liquidator is authorized to compensate these persons from the assets of Respondent as he may deem appropriate.

///

2

7.    The Commissioner as Liquidator is authorized to divert, take possession of and secure all mail of Respondent, in order to screen such mail, and to effect a change in the rights to use any and all post office boxes and other mail collection facilities used by Respondent.

8.    The Commissioner as Liquidator is authorized to pay all reasonable costs of operating Respondent (including direct and allocated direct costs, direct and allocated general and administrative costs and overhead, and other allocated costs) out of funds and assets of Respondent; and if there are insufficient funds, to pay for his costs out of the Insurance Fund, pursuant to Insurance Code section 1035.

9.    The Commissioner as Liquidator  is authorized to invest Respondent's assets in such a manner as to him may seem suitable for the best interest of Respondent's creditors which funds are not immediately distributable to Respondent's creditors.  However, no investment or reinvestment shall be made which exceeds the sum of $100,000 without first obtaining permission of this Court.

10.    The Commissioner as Liquidator is authorized, pursuant to Insurance Code section 1037, subsection (g), to invest and reinvest all assets in a manner he deems to be in the best interest of the creditors of the estate, including investing and reinvesting assets through an investment pool consisting exclusively of assets from conserved estates.  To the extent that the Commissioner as Liquidator invests and reinvests through such an investment pool, such investments and re-investments may exceed $100,000.

11.    The Commissioner as Liquidator is authorized to pay as expenses of administration all expenses heretofore incurred by the Commissioner as Conservator which are presently unpaid, and the Commissioner as Liquidator is authorized to pay, upon presentation, the full amount of any checks or drafts which have been issued by him, in his capacity as Conservator, and which are outstanding.

12.    The Commissioner as Liquidator is authorized, pursuant to Insurance Code section 1037, subsection (d), to dispose of any excess property of Respondent by any commercially reasonable method, including, but not limited to, sales at public auctions, sales in

///

3

[PROPOSED] ORDER APPOINTING COMMISSIONER AS LIQUIDATOR AND RESTRAINING ORDERS

EXHIBIT A
8

1    bulk to the high bidder (provided at least three (3) bids are obtained from independent dealers in

2    the kind of property sold).

3         13.    The Commissioner as Liquidator is authorized to assume or reject, or to modify,

4    any executory contracts, including without limitation, any lease, rental or utilization contract or

5    agreement (including any schedule to any such contract or agreement), and any license or other

6    arrangement for the use of computer software of business information systems, to which

7    Respondent is a party or as to which Respondent agrees to accept an assignment of such contract;

8    the Commissioner as Liquidator is directed to effect any such assumption or rejection or

9    modification of any executory contract not later than within 120 days after the entry of this order,

10   unless such date is extended by application to and further order of this Court; all executory

11   contracts that are not expressly assumed by the Commissioner as Liquidator shall be deemed

12   rejected; any party to a contract that is rejected by the Commissioner as Liquidator pursuant to

13   this order shall be permitted to file a proof of claim against the liquidation estate, which claim

14   shall be treated in accordance with Insurance Code section 1010, *et seq.*

15        14.    Respondent and all former and present officers, directors, agents, and employees

16   of Respondent are directed to deliver to the Commissioner as Liquidator all assets, books,

17   records, equipment, and other property of the Respondent wheresoever situated.

18        15.    All funds and assets, including certificates of deposit, bank deposits and mutual

19   fund shares, of Respondent, in various financial depository institutions, including banks, savings

20   and loan associations, industrial loan companies, mutual funds or stock brokerages, wheresoever

21   situated, are directed to be vested in the Commissioner as Liquidator and subject to withdrawal

22   upon his order only.

23        16.    All persons who maintain records for Respondent are directed, pursuant to written

24   contract or any other agreement, to maintain such records and to deliver them to the

25   Commissioner as Liquidator upon his request.

26        17.    All agents of Respondent and all brokers who have done business with

27   Respondent are directed to make remittances of all funds collected by them or in their hands

28

[PROPOSED] ORDER APPOINTING COMMISSIONER AS LIQUIDATOR AND RESTRAINING ORDERS

1   directly to the Commissioner as Liquidator.  This obligation to remit collected funds is

2   continuing in nature.

3         18.      All persons having possession of any lists of policyholders or escrow holders of

4   Respondent are directed to deliver all such lists to the Commissioner as Liquidator.  All persons

5   are enjoined from using any such lists or any information contained therein without the consent

6   of the Commissioner as Liquidator.

7         19.      Respondent and its respective officers, directors, agents, servants, employees,

8   successors, assigns, affiliates, and other persons or entities under their control and all persons or

9   entities in active concert or participation with them, and each of them, are directed to turn over to

10  the Commissioner as Liquidator records, documentation, charts and/or descriptive material of all

11  funds, assets, property (owned beneficially or otherwise), and all other assets of Respondent

12  wherever situated, and all books and records of accounts, title documents and other documents in

13  their possession or under their control, which relate, directly or indirectly, to assets or property

14  owned by or held by Respondent or to  the business or operations of Respondent.

15        20.      All insurance policies issued by Respondent, not including bail bonds, shall be

16  terminated and canceled effective thirty (30) days following the issuance of the order herein

17  prayed for, and the Commissioner as Liquidator shall notify promptly all policyholders of such

18  policy termination and cancellation by First Class Mail at the last known address of the

19  policyholders; in addition, the Commissioner as Liquidator, in his sole discretion, is authorized

20  to terminate and cancel any policies issued by Respondent that are not covered by the preceding

21  sentence.

22        21.      All prior injunctions and other orders of this Court, except to the extent expressly

23  modified herein, are reaffirmed and remain in full force and effect; all powers and authority

24  granted to the Commissioner as Liquidator under this order are in addition to and not in

25  limitation of the powers of the Commissioner as Liquidator under the Insurance Code and any

26  other statutory or applicable case law.

27  ///

28  ///

5

1    22.    The rights and liabilities of claimants, creditors, shareholders, policyholders,

2    escrow holders and all other persons interested in the assets of Respondent, including the State of

3    California, are fixed as of the date of the entry of this order.

4    23.    All funds and accounts in the name of Respondent, or the Commissioner as

5    Conservator, in various banks or any other institutions wheresoever situated is vested in the

6    Commissioner as Liquidator and subject to withdrawal at his direction only.  This order does not

7    convert funds held in a fiduciary capacity to general assets of the Liquidator.

8    24.    All persons are enjoined, except with leave of this Court issued after a hearing in

9    which the Commissioner as Liquidator has received reasonable notice, from obtaining

10   preferences, judgments, attachments or other liens, or making any levy against Respondent or its

11   assets or property, and from executing or issuing or causing the execution or issuance of any

12   court attachment, subpoena, replevin, levy, execution, or other process for the purpose of

13   impounding or taking possession of or interfering with or creating or enforcing a lien upon any

14   property or assets owned or in the possession of Respondent or its affiliates, or the Liquidator

15   appointed herein, wheresoever situated and from doing any act interfering with the conduct of

16   said business by the Commissioner as Liquidator.

17   25.    All persons are enjoined, except by leave of this Court obtained after reasonable

18   notice to the Commissioner as Liquidator, from accelerating the due date of any obligation or

19   claimed obligation; exercising any right of set-off; taking, retaining, retaking or attempting to

20   retake possession of any real or personal property; withholding or diverting any rent or other

21   obligation; doing any act or other thing whatsoever to interfere with the possession of or

22   management by the Commissioner as Liquidator and of the property and assets, owned or

23   controlled by Respondent or in the possession of Respondent or to in any way interfere with said

24   Commissioner as Liquidator or to interfere in any manner during the pendency of this proceeding

25   with the exclusive jurisdiction of this Court over Respondent.

26   26.    Respondent, its officers, directors, governors, agents, and employees are enjoined

27   from transacting any of the business of Respondent, whether in the State of California or

28

6

EXHIBIT A
11

1  elsewhere, or from disposing of, or assisting any person in the transfer or alienation of, the

2  property or assets of Respondent, until further order of this Court.

3        27.     All persons are enjoined from instituting, prosecuting or maintaining any action at

4  law or suit in equity, including but not limited to actions or proceedings to compel discovery or

5  production of documents or testimony and matters in arbitration, against Respondent or against

6  the Commissioner as Liquidator of Respondent, and from attaching, executing foreclosure upon,

7  redeeming of or taking any other legal proceedings against, any of the property or assets of

8  Respondent, and from doing any act interfering with the conduct of said business by the

9  Commissioner as Liquidator, except upon order from this Court obtained after reasonable notice

10  to the Commissioner as Liquidator.

11        28.     Any and all provisions of any agreement entered into by and between any third

12  party and Respondent including, by way of illustration, but not limited to, the following types of

13  agreements (as well as any amendments, assignments, or modifications thereto): financial

14  guarantee bonds, promissory notes, loan agreements, security agreements, deeds of trust,

15  mortgages, indemnification agreements, subrogation agreements, subordination agreements,

16  pledge agreements, assignments of rents or other collateral, financial statements, letters of credit,

17  leases, insurance policies, guaranties, escrow agreements, management agreements, real estate

18  brokerage and rental agreements, servicing agreements, attorney agreements, consulting

19  agreements, easement agreements, license agreements, franchise agreements, or employment

20  contracts that provide in any manner that selection, appointment or retention of a conservator, or

21  liquidator or trustee by any court, or entry of an order such as hereby made, shall be deemed to

22  be or otherwise operate as a breach, violation, event of default, termination, event of dissolution,

23  event of acceleration, insolvency, bankruptcy, or liquidation, shall be stayed, and the assertion of

24  any and all rights, remedies relating thereto shall also be stayed and barred, except as otherwise

25  ordered by this Court, and this Court shall retain jurisdiction over any cause of action that has

26  arisen or may otherwise arise under any such provision.

27        29.     All persons are enjoined from interfering with the possession, title and rights of

28  the Commissioner as Liquidator, in and to the assets of Respondent, and from interfering with

[PROPOSED] ORDER APPOINTING COMMISSIONER AS LIQUIDATOR AND RESTRAINING ORDERS

EXHIBIT A
12

1  the conduct of the Commissioner as Liquidator in the handling and disposition of assets of

2  Respondent, and from interfering with the conduct of the liquidation and the winding up of the

3  business of Respondent, except upon order of this Court obtained after reasonable notice to the

4  Commissioner as Liquidator.

5        30.    All persons are enjoined from waste of assets of Respondent.

6        31.    Any and all claims against Respondent (except those policyholder claims already

7  pending against Respondent, which are deemed filed), including those which in any way affect or

8  seek to affect any of the assets of Respondent, wherever or however such assets may be owned or

9  held, must be filed by no later than August 30, 2002 (the "Claims Bar Date"), together with

10 proper proof thereof, in accordance with the provisions of Insurance Code sections 1010, *et seq*.,

11 including, but not limited to section 1023, and any claim not filed by the Claims Bar Date is

12 conclusively deemed forever waived.

13

14 DATED:   __NOV 3 0 2001__ , 2001

**RONALD S. PRAGER**

15                         HONORABLE RONALD S. PRAGER
                        Judge of the Superior Court

16

17 **Submitted by:**

18 BILL LOCKYER
   Attorney General of the State of California

19

20 By: _____

21          GREGORY S. PRICE
         Deputy Attorney General

22          Attorneys for Applicant, Insurance Commissioner
         of the State of California

23

24                     The foregoing instrument is a full, true and correct
copy of the original on file in this office.

Attest: *December 3, 2001*
STEPHEN THUNBERG
Clerk of the Superior Court of the State of California,
in and for the County of San Diego.

By: _____ Deputy

25

26

27

28

[PROPOSED] ORDER APPOINTING COMMISSIONER AS LIQUIDATOR AND RESTRAINING ORDERS

EXHIBIT A
13