1

**MUSICK, PEELER & GARRETT** LLP
ATTORNEYS AT LAW
One Wilshire Boulevard, Suite 2000
Los Angeles, California 90017-3383
TELEPHONE 213-629-7612
FACSIMILE (213) 624-1376

2

3

Susan J. Field (State Bar No. 086200)
s.field@mpglaw.com
Richard S. Conn (State Bar No. 065513)
r.conn@mpglaw.com
Barbora Pulmanova (State Bar No. 234028)
b.pulmanova@mpglaw.com

4

5

6

7   Attorneys for NATIONAL INDEMNITY COMPANY

8                    **UNITED STATES DISTRICT COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   STEVE POIZNER, INSURANCE COMMISSIONER OF THE STATE OF CALIFORNIA, in his capacity as Liquidator of Frontier Pacific Insurance Company, | Case No.  08 CV 772 L (POR) |
| 12 | Assigned to the Hon. M. James Lorenz Courtroom 14 |
| 13 | Complaint Filed:  March 17, 2008 |
| 14          Plaintiff, | **DEFENDANT NATIONAL INSURANCE COMPANY'S REPLY TO OPPOSITION OF INSURANCE COMMISSIONER** |
| 15          vs. | |
| 16   NATIONAL INDEMNITY COMPANY, a Nebraska corporation; and DOES 1 through 10, | |
| 17 | **DATE:**                    **August 18, 2008** |
| 18          Defendant. | **TIME:**                    **10:30 a.m.** |
| 19 | **COURTROOM:**        **14** |

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

599873.1

1

# TABLE OF CONTENTS

2

Page

3

4

5

I.      THE OPPOSITION FAILS TO ADDRESS THE GROUNDS ON
        WHICH AN INJUNCTION IS SOUGHT ........................................................ 1

6

II.     NICO'S CLAIM OF SET OFF IS NOT DEPENDENT ON
        ENDORSEMENT NO. 3 ............................................................................. 3

7

III.    THE LIQUIDATION ORDER DOES NOT PROHIBIT
        ARBITRATION ....................................................................................... 4

8

9

IV.     THE MCCARRAN-FERGUSON ACT DOES NOT EFFECT A
        REVERSE PREEMPTION OF THE FEDERAL ARBITRATION ACT
        AS APPLIED TO CLAIMS FOR AFFIRMATIVE RELIEF BY A
        LIQUIDATOR .......................................................................................... 4

10

11

V.      THE COMMISSIONER'S CLAIM THAT FPIC IS THE VICTIM
        OF INEQUITABLE CONDUCT IS BOTH MISLEADING AND
        IRRELEVANT; THE UNDERLYING CONTROVERSY IS NOT
        IMPLICATED BY THIS MOTION ................................................................ 6

12

13

VI.     THE COURT SHOULD REJECT THE COMISSIONER'S
        INVITATION TO SEVER ISSUES THE COMMISSIONER MAY
        DEEM NOT SUBJECT TO ARBITRATION ...................................................... 7

14

15

VII.    CONCLUSION ....................................................................................... 7

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

599873.1

i

# TABLE OF AUTHORITIES

CASES

*Bennett v. Liberty National Fire Ins. Co.*,
968 F.2d 969 (9th Cir. 1992)..................................................................3, 7

*Davister Corp. v. United Republic Life Ins. Co.*,
152 F.3d 1277 (10th Cir. 1998)..............................................................4, 5

*Fox v. Merrill Lynch & Co. Inc.*,
453 F.Supp. 561 (S.D.N.Y. 1978)...............................................................7

*Kivort Steel Inc. v. Liberty Leather Corp.*,
110 A.D.2d 950, 487 N.Y.S. 2d 877 (1985).................................................1

*Local Union No. 370, Intl. Union of Operating Eng. 'rs. v.
Morrison-Knudson Co.*,
786 F.2d 1356 (9th Cir. 1986)................................................................2, 4

*Mass v. Melymont*,
1 Misc. 3d 906A, 2003 WL 23138786 (N.Y. Dist. Ct. 2003).......................2

*Munich Am. Reinsurance Co. v. Crawford*,
141 F.3d 585 (5th Cir. 1998)......................................................................4

*National Union Fire Ins. Co. v. Belco Petroleum Corp.*,
88 F.3d 129 (2d Cir. 1996).........................................................................2

*O'Neel v. NASD*,
667 F.2d 804 (9th Cir. 1982)......................................................................2

*O'Neil v. Hilton Head Hosp.*,
(4th Cir., 1997) 115 F.3d 272......................................................................7

*Prima Paint Corp. v. Flood & Conklin Mfg.*,
388 U.S. 395 (1967)...................................................................................2

*Quackenbush v. Allstate Ins. Co.*,
121 F.3d 1372 (C.A. 9th Cir., 1997) ....................................................passim

*Republic of Nicaragua v. Standard Fruit Co.*,
937 F.2d 4698 (9th Cir. 1991)
*cert. den.* 503 U.S. 919 ..............................................................................2

*Tepper Realty Co. v. Mosaic Tile Co.*,
259 F.Supp. 688  (S.D.N.Y. 1966)..............................................................7

*U.S. Dept. of Treasurey v. Fabe*,
508 U.S. 491, 113 S.Ct. 2202 (1993) ........................................................3

*U.S. v. Fabe*,
508 U.S. 491 (1993) ...................................................................................5

NOTICE OF MOTION AND MOTION OF DEFENDANT NATIONAL INDEMNITY COMPANY
TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS

1

<u>FEDERAL STATUTES</u>

2

11 USC § 3 ..............................................................................................7

3

4

<u>CALIFORNIA STATUTES</u>

5

California Insurance Code section 1031 .............................................2

6

7

<u>OTHER AUTHORTIES</u>

8

Williston On Contracts (4th Ed.) §36:1 ..........................................6

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

599873.1

iii

**NOTICE OF MOTION AND MOTION OF DEFENDANT NATIONAL INDEMNITY COMPANY
TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**

1    Defendant National Insurance Company ("NICO"), moving party

2  herein, presents the following reply to Plaintiff's Opposition to Motion To Stay

3  Prosecution of Action Pending Arbitration of Claims ("Opposition").

4  **I.    THE OPPOSITION FAILS TO ADDRESS THE GROUNDS ON**

5       **WHICH AN INJUNCTION IS SOUGHT**

6        In its Motion To Stay Prosecution of Action  Pending Arbitration of

7  Claims (the "Motion"), NICO advances the following propositions of fact and law

8  as justifying an order staying these proceedings pending arbitration:

9        (a)    NICO and Frontier Pacific Insurance Company ("FPIC") are

10  parties to the Center Re Agreement and the NICO Agreement.

11        (b)    The Center Re Agreement and the NICO Agreement both

12  provide for arbitration of all disputes in accordance with New York law.

13        (c)    Prior to execution of Endorsement No. 3 to the Center Re

14  Agreement by NICO and Frontier Insurance Company ("Frontier"), FPIC and

15  Frontier were jointly and severally liable for repayment of a Funds Withheld

16  Balance due under the Center Re Agreement approximating $40,000,000.

17        (d)    The California Insurance Commissioner (the "Commissioner"),

18  as liquidator for FPIC, claims that FPIC is presently owed $4,883,090 under the

19  NICO Agreement.

20        (e)    NICO claims that it is entitled to set off the $40,000,000 Funds

21  Withheld Balance due NICO under the Center Re Agreement against NICO's

22  alleged liability of $4,883,090 under the NICO Agreement.

23        (f)    Set off is recognized as an affirmative defense under New York

24  law. *Kivort Steel Inc. v. Liberty Leather Corp.*, 110 A.D.2d 950, 952, 487 N.Y.S. 2d

25  877 (1985).

26        (g)    NICO's claim of set off exists independently of Endorsement

27

28

1  No. 3 and is not dependent on the terms of such endorsement.[1]

2          (h)    The Commissioner alleges that Endorsement No. 3 constitutes an

3  accord and satisfaction as to the liability of FPIC.

4          (i)    Under New York law, accord and satisfaction is an affirmative

5  defense. *Mass v. Melymont,* 1 Misc. 3d 906A, 2003 WL 23138786 (N.Y. Dist. Ct.

6  2003).

7          (j)    The Commissioner alleges that exercise of the proposed set off

8  by NICO is illegal, as in contravention of California Insurance Code section 1031.

9          (k)    Illegality is an affirmative defense.

10         (l)    An Agreement to arbitrate disputes under a contract requires

11  arbitration of affirmative defenses raised by any party. *Republic of Nicaragua v.*

12  *Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991) *cert. den.* 503 U.S. 919;

13  *Prima Paint Corp. v. Flood & Conklin Mfg.*, 388 U.S. 395, 404 (1967); *National*

14  *Union Fire Ins. Co. v. Belco Petroleum Corp.*, 88 F.3d 129 (2d Cir. 1996); and

15  *O'Neel v. NASD*, 667 F.2d 804, 807 (9th Cir. 1982).

16         (m)    The fact that an affirmative defense may be predicated on an

17  agreement between one or more non-parties to the arbitration contract does not

18  exempt such affirmative defense from resolution through arbitration. *Local Union*

19  *No. 370, Intl. Union of Operating Eng.'rs. v. Morrison-Knudson Co.*, 786 F.2d

20  1356, 1357-1358 (9th Cir. 1986).

21         (n)    Under controlling Ninth Circuit authority, California state

22  insurance law does not preempt the mandate of the Federal Arbitration Act to

23  submit to arbitration all claims by a liquidator for affirmative relief under contracts

24  providing for arbitration. *Quackenbush v. Allstate Ins. Co.,* 121 F.3d 1372, 1380-

25  1381 (C.A. 9th Cir., 1997), citing *U.S. Dept. of Treasurey v. Fabe*, 508 U.S. 491,

26

27  [1]  NICO acknowledges that Frontier has the right under Endorsement No. 3 to preclude exercise of the right of set off, but there is no allegation that such prerogative has been exercised.

28

MUSICK, PEELER & GARRETT LLP

ATTORNEYS AT LAW

599873.1                                                       2
**NOTICE OF MOTION AND MOTION OF DEFENDANT NATIONAL INDEMNITY COMPANY
TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**

1 | 113 S.Ct. 2202 (1993); and *Bennett v. Liberty National Fire Ins. Co.*, 968 F.2d 969,
2 | 971-972.

3 |        Candor on the part of the Commissioner would have required a
4 | forthright discussion as to the defect in any of these propositions. In point of fact,
5 | the Opposition ignores or mischaracterizes virtually every tenet of the Motion, with
6 | the exception of the issue of whether the McCarran-Ferguson Act effects a "reverse
7 | preemption" of the Federal Arbitration Act. As to this point, the Opposition cites
8 | distinguishable Fifth and Tenth Circuit authority, without acknowledging the
9 | controlling authority of *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372 (C.A. 9th
10 | Cir., 1997) cited in the Motion.

11 | **II.**   **NICO'S CLAIM OF SET OFF IS NOT DEPENDENT ON**
12 |      **ENDORSEMENT NO. 3**

13 |        In both the Motion and its Answer to Complaint, NICO went to some
14 | lengths to clarify that the rights of set off which it asserts arise under the Center Re
15 | Agreement; NICO's rights of set off are <u>not</u> alleged to be created or expanded by
16 | Endorsement No. 3. (See Motion, Pg. 5, lines 27-28: "NICO denies that its claim
17 | of set off arises under Endorsement No. 3.") It is therefore perverse that the
18 | Commissioner predicates the Opposition on the proposition that NICO is attempting
19 | to enforce Endorsement No. 3! Without Endorsement No. 3, under the NICO
20 | Agreement and the Center Re Agreements, NICO would enjoy the same common
21 | law rights of set off which accrue in favor of any contracting party. It is the
22 | Commissioner who chooses to make an issue of Endorsement No. 3, by alleging that
23 | it constitutes an accord and satisfaction. While the Commissioner is certainly
24 | entitled to argue this position, it is indisputably an affirmative defense to FPIC's
25 | liability under the Center Re Agreement and, by extension, an argument against set
26 | off under the NICO Agreement. As such, the Commissioner is bound to arbitrate
27 | this defense, as he would any other defense.

28 |

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

599873.1               3
**NOTICE OF MOTION AND MOTION OF DEFENDANT NATIONAL INDEMNITY COMPANY
TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**

1    For the reasons stated, the Commissioner's suggestion that NICO is

2  attempting to enforce arbitration of an agreement to which the Commissioner is not

3  a party is unfounded.  NICO is content to ignore Endorsement No. 3 in

4  characterizing the scope of its rights of set off.  The fact that the Commissioner

5  wishes to rely on an agreement to which it was not a party (Endorsement No. 3) as

6  the basis for an affirmative defense to the NICO Agreement and the Center Re

7  Agreement does not vitiate the general rule that the affirmative defenses must be

8  arbitrated.  *See Local Union No. 370, Int'l Union of Operating Eng'rs v. Morrison-*

9  *Knudson Co.*, 786 F.2d 1356, 1357-1358 (9th Cir. 1986).

10  **III.    THE LIQUIDATION ORDER DOES NOT PROHIBIT ARBITRATION**

11    The Commissioner argues that the instant motion should be denied

12  because the Liquidation Order and the statutes which authorize it prohibit "the

13  institution or prosecution of any actions or proceedings."  This argument fails at the

14  most fundamental level:  It is the Commissioner, not NICO, which has instituted this

15  action.  NICO has done nothing more than file a motion to stay prosecution.  It

16  follows that NICO is in violation of neither the Liquidation Order, nor the

17  authorizing statutes.  Moreover, as the holding in *Quackenbush, supra*, makes clear,

18  the Federal Arbitration Act supercedes California state insurance codes, as well as

19  court orders issued pursuant thereto.

20  **IV.    THE MCCARRAN-FERGUSON ACT DOES NOT EFFECT A**

21  **REVERSE PREEMPTION OF THE FEDERAL ARBITRATION ACT**

22  **AS APPLIED TO CLAIMS FOR AFFIRMATIVE RELIEF BY A**

23  **LIQUIDATOR**

24    The Commissioner cites *Quackenbush v. Allstate Ins.* 121 F.3d 1372,

25  1381 (9th Cir. 1997), *Davister Corp. v. United Republic Life Ins. Co.*, 152 F.3d 1277

26  (10th Cir. 1998), and *Munich Am. Reinsurance Co. v. Crawford*, 141 F.3d 585, 590-

27  596 (5th Cir. 1998) for the proposition that a stay of litigation under state insolvency

28  statutes reverse preempts the Federal Arbitration Act.  The *Davister* and *Munich*

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

599873.1                                    4
**NOTICE OF MOTION AND MOTION OF DEFENDANT NATIONAL INDEMNITY COMPANY
TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**

1  *America* courts have indeed so held <u>under different circumstances</u>:  where a party
2  adverse to the liquidator asserts an interest in property over which the insolvency
3  court has exercised in rem or quasi in rem jurisdiction.[2]  The holding in
4  *Quackenbush*, *supra*, is narrower.  In *Quackenbush*, Allstate moved the trial court
5  for an injunction against continuance of proceedings in the California insolvency
6  court intended to adjudicate its rights of set off.  Allstate's motion was premised on
7  the theory, *inter alia*, that such litigation undermined the jurisdiction of the federal
8  court in the removal proceedings.  The Court of Appeal upheld the trial court's
9  discretion in refusing to issue an injunction, noting that a state court decision may or
10  may not have preclusive effect.

11          The posture of the instant case is, of course, radically different.  NICO
12  is not seeking to enjoin state court litigation.  It is the Commissioner, not NICO, that
13  has sought affirmative relief in the federal court - - in effect seeking recovery of an
14  allegedly past due balance in the amount of $4,883,090.  In  circumstances such as
15  this, where the Commissioner sought affirmative relief relating to contracts
16  containing arbitration provisions, the *Quackenbush* court held that the
17  Commissioner stood in the shoes of the insolvent and, like the insolvent, was bound
18  to arbitrate his claims.  *Quqckenbush*, 121 F.3d at 1380.  Similarly, the Court
19  rejected the reverse preemption argument now advanced by the Commissioner,
20  noting that "while the FAA might not mandate arbitration of Allstate's claims
21  against Mission, it continues to apply with full force to Mission's claims (asserted
22  by the Commissioner) against Allstate."  In so doing the Court distinguished the
23  matter before it from the holding of the U.S. Supreme Court in *U.S. v. Fabe*, 508
24  U.S. 491, 501-502 (1993), noting the paucity of evidence that arbitration would
25  disrupt the orderly liquidation of an insurer and that no California state insurance

26

_____

27  [2] *Davister* concerned real property which was arguably part of the insolvency estate;
*Munich America* concerned division of a cash corpus held by the liquidator.

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

599873.1                                          5
**NOTICE OF MOTION AND MOTION OF DEFENDANT NATIONAL INDEMNITY COMPANY
TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**

1  code provision prohibits arbitration of disputes with a liquidator. *Quackenbush*, 121

2  F.3d at 1381.

3          The same factors militate here in favor of compelling arbitration: there

4  is no evidence to show that arbitration will be a slower or more costly means to

5  resolve the instant dispute than proceedings in this court.[3]  Neither has California

6  law changed since the holding in *Quackenbush*; the Commissioner cites no statue

7  prohibiting arbitration of disputes between a liquidator and third parties.  This Court

8  is therefore fully justified in finding that the Federal Arbitration Act has not been

9  subject to reverse preemption.

10 V.    **THE COMMISSIONER'S CLAIM THAT FPIC IS THE VICTIM**

11        **OF INEQUITABLE CONDUCT IS BOTH MISLEADING AND**

12        **IRRELEVANT; THE UNDERLYING CONTROVERSY IS NOT**

13        **IMPLICATED BY THIS MOTION**

14          The Commissioner argues that Endorsement No. 3 threatens unfairly to

15 burden FPIC's estate in liquidation with liabilities created by Frontier.  From the

16 perspective of NICO, this is a dispute to which it is a stranger.  NICO in good faith

17 entered into reinsurance contracts under which Frontier and FPIC defined

18 themselves as a single entity, in legal effect rendering themselves jointly and

19 severally liable.[4]  In the Opposition, the Commissioner does not dispute such joint

20 and several liability.  It was entirely fair for NICO to collect as much of the

21 indebtedness owed as it could from Frontier, while reserving the option to collect

22

23

24 [3]  In the Opposition, the Commissioner cites a treatise for the proposition that arbitration is expensive.  This obviously is not evidence.  There is no competent

25 showing that arbitration will be more expensive or slower than proceedings in this court.  Indeed, the ability to join Frontier in New York arbitration proceedings may

26 expedite a resolution through arbitration.

   [4]  As remarked in Williston On Contracts (4th Ed.) §36:1 at p.610, "Copromissors

27 are liable 'jointly' if all of them have promised the entire performance which is the subject of the Contract."

28

1    the balance from FPIC.  Any issue of fairness is a matter for resolution between the

2    two insolvent estates - - not the basis for a defense against NICO.

3          However, more to the point, the arguments raised by the

4    Commissioner, if at all relevant, go to the merits of the underlying dispute.  It is

5    settled law that, on motion to compel arbitration, a court is not to concern itself with

6    the merits of the underlying dispute.  *O'Neil v. Hilton Head Hosp.*, (4th Cir., 1997)

7    115 F.3d 272, 275.

8    **VI.    THE COURT SHOULD REJECT THE COMISSIONER'S**

9         **INVITATION TO SEVER ISSUES THE COMMISSIONER MAY**

10        **DEEM NOT SUBJECT TO ARBITRATION**

11         In an effort to salvage some benefit from an opposition which consists

12   largely of "jousting at windmills," the Commissioner argues the Court should sever

13   some unidentified issues for retention and trial, while enjoining prosecution of

14   others.  This argument flies in the face of the comprehensive scope of the arbitration

15   agreement at issue.  The parties have bargained for submission of all issues to

16   arbitration and the Commissioner presents neither grounds, nor authority to deviate

17   from the comprehensive stay mandated by 11 USC § 3.  See Motion, Pg. 7, lines 7-

18   17.  Indeed, authority would appear to be to the contrary.  *See  Tepper Realty Co. v.*

19   *Mosaic Tile Co.,* 259 F.Supp. 688  (S.D.N.Y. 1966) (staying entire action,

20   notwithstanding Plaintiff's effort to split cause of action); and *Fox v. Merrill Lynch*

21   *& Co. Inc.*, 453 F.Supp. 561 (S.D.N.Y. 1978) (entire action stayed pending

22   arbitration, though antitrust issues deemed not arbitrable).

23   **VII.   CONCLUSION**

24         The matter before the court is a simple one, when properly understood:

25   Is the Commissioner bound by the arbitration agreements entered into by FPIC,

26   which compel arbitration of disputes over enforcement of the subject reinsurance

27   agreements?  The Court in *Quackenbush* at 1380 cites *Liberty Nat'l Fire Ins. Co.*,

28   968 F.2d 969, 972 (9th Cir. 1992) for the proposition that, "[B]ecause the liquidator,

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

599873.1                                                            7
NOTICE OF MOTION AND MOTION OF DEFENDANT NATIONAL INDEMNITY COMPANY
TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS

1  who stands in the shoes of the insolvent insurer, is attempting to enforce [the

2  insolvent insurer's] contractual rights, she is bound by [the insolvent insurer's] pre-

3  insolvency [arbitration] agreements." No different rule should apply in the instant

4  case.

5

6  DATED:  August 11, 2008            MUSICK, PEELER & GARRETT LLP

7

8

9                                          By: s/Richard S. Conn
                                              Richard S. Conn
10                                            Attorneys for NATIONAL INDEMNITY
                                              COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

599873.1                                    8

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is One Wilshire Boulevard, Suite 2000, Los Angeles, California 90017-3383.

On August 11, 2008, I served the foregoing document(s) described as **DEFENDANT NATIONAL INSURANCE COMPANY'S REPLY TO OPPOSITION OF INSURANCE COMMISSIONER** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**See Attached List**

☒ **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.** Based upon the Court's order for mandatory e-filing, I provided the documents listed above electronically to the Court's website and thereon to those parties on the Service List maintained by that website by submitting an electronic version of the documents to the Court's website. The documents are deemed filed and served on the date that they were uploaded to the Court's website.

☐ **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. The facsimile machine used complies with Rule 2003 and no error was reported by the machine. Pursuant to Rule 2008(e), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

Executed on August 11, 2008, at Los Angeles, California.

☐ **(State)**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(Federal)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

s/K. Slevcove
Kathleen Slevcove

599873.1

3

| | | |
|---|---|---|
| 1 | | **SERVICE LIST** |
| 2 | EDMUND G. BROWN, JR. | Attorneys for Plaintiff Steve Poizner, |
| | Attorney General of the State of | Insurance Commissioner of the State of |
| 3 | California | California in his capacity as Liquidator |
| | W. DEAN FREEMAN | of Frontier Pacific Insurance Company |
| 4 | Supervising Deputy Attorney General | |
| | DIANE SPENCER SHAW | |
| 5 | LISA W. CHAO | |
| | Deputy Attorneys General | |
| 6 | 300 South Spring Street, Suite 1702 | |
| | Los Angeles, California 90013 | |
| 7 | | |
| | Telephone:  (213) 897-2486 | |
| 8 | Fax:  (213) 897-5775 | |
| | Email:  dean.freeman@doj.ca.gov | |
| 9 | | |
| | LAZLO KOMJATHY, JR. | Attorneys for Plaintiff Steve Poizner, |
| 10 | Department of Insurance | Insurance Commissioner of the State of |
| | 45 Fremont Street, 24th Floor | California in his capacity as Liquidator |
| 11 | San Francisco, California 94105 | of Frontier Pacific Insurance Company |
| 12 | Telephone:  (415) 538-4413 | |
| | Email:  KomjathyL@insurance.ca.gov | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

599873.1

4

**NOTICE OF MOTION AND MOTION OF DEFENDANT NATIONAL INDEMNITY COMPANY
TO STAY PROSECUTION OF ACTION PENDING ARBITRATION OF CLAIMS**